UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 20 P 1: 25
DISTRICT COURT
HARTFORD CT

STEVE ATUAHENE :
Plaintiff

v.                              : NO. 3:01-CV-2269 (AWT)

THE CITY OF HARTFORD
Defendant :


STEVE ATUAHENE :
Plaintiff

v.                              : NO. 3:01-CV-2270 (AWT)

CAPONETTO ENTERPRISES LLC et al
Defendant     : OCTOBER 18, 2003

PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY AND AMEND THE SCHEDULING ORDER.

Plaintiff Steve Atuahene in the above captioned cases respectfully moves this Court for enlargement

of time for 15 days to 1) enable the parties to complete discovery in the case docketed Atuahene v. Caponetto Enterprises LLC et al and 2) allow him to complete deposition of employees of the City of Hartford who have used all tricks to avoid deposition of material issues of facts relating to the case docketed Atuahene v. the City of Hartford. Atuahene also moves for the amendment of the Scheduling Order in these instant cases. In support of this motions Atuahene states as follows:

1. On December 5, 2001 Plaintiff Steve Atuahene brought two lawsuits as captioned above.

2. Early in November 2002 Plaintiff sent a notice of deposition to Defendant City of Hartford and upon request from said defendant's counsel Plaintiff on November 16, 2002 sent a re-notice of deposition to City defendant (City of Hartford).

3. Deposition of Atuahene v. Caponetto was delayed due to Defendant's Motion for Summary Judgment and to Dismiss which were denied.

4. The deposition of the employees of the City defendant was delayed by City defendant due to a) claim of false client privilege and b) unnecessary request for allowance of more time for preparation

5. After failing to honor agreement to submit all material documents related to the various counts on June 4, 2003 Plaintiff sent a new renotice of deposition to City Defendant's employees.

6. City Defendant employee asked for and as courtesy were given numerous time to comply with agreement for production of documents.

7. Said documents were delivered on July or around July 28, 2003 two weeks to the deadline of discovery cut off of August 11, 2003.

8. Soon thereafter City defendant's attorney left for a month's vacation and return on or around September 8, 2003.

9. Between August 8 and 12, 2003 Plaintiff become aware that City defendant's production of document were not enought and informed defendant's attorney Mr Taiman who promised to submit missing document from the Licenses and Inspections Department of the City of Hartford.

10. When the City defendant failed to provide said document Plaintiff Atuahene visit the City of Hartford's

—ILVE AIUAHENE

14. Plaintiff was deposed by Defendants in the case Atuahene v. Laponetto Enterprises LLC et al on August 13, 2003.

15. Thereafter Atuahene scheduled to depose defendants in the Laponetto case but due to scheduling conflicts of attorney Vinkels said deposition finally took place on September 2003 but Michele Laponetto would not attend due allegedly to doctors appointment

16. Plaintiff needs time to depose Michele Laponetto who is the principal and material defendant

WHEREFORE, for all the foregoing reasons Plaintiff prays the Court enlarge the time for discovery for 30 days and amend Discovery Scheduling order accordingly in the case Atuahene v. Laponetto.

Respectfully submitted

STEVE ATUAHENE
7000 WOODBINE AVENUE
PHILADELPHIA PA 19151
215 877 5981

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE          :

        v.              : NO. 3:01-CV-2269(AWT)

THE CITY OF HARTFORD    :


STEVE ATUAHENE          :

        v.              : NO. 3:01-CV-2270(AWT)

CAPONETTO ENTERPRISES LLC et al :


MEMORANDUM OF LAW.

Defendant the City of Hartford has used all sorts of invasive tactics to avoid deposition of material and principal witnesses and hide material evidence supporting the court of conspiracy. City defendant is the cause of any delay and should therefore not be allowed to benefit from such illegal tactics.

Defendant in Caponetto case allegedly was not able to attend scheduled deposition to the detriment of Plaintiff. More importantly both parties in this case do not oppose enlargement of time to complete discovery.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request 30 days enlargement of time for Caponetto case and 15 days enlargement for the City case.

Respectfully submitted

CERTIFICATE OF SERVICE

I, STEVE ATUAHENE, hereby certify that I have today caused a copy of the foregoing motion to be served via U.S. Mail postage prepaid upon:

Edward C. Taimon Jr Esq
SABIA & HARTLEY
190 Trumbull Street, Ste 202
Hartford CT 06103


Valdis Vinkels Esq
216 Main Street
Hartford CT 06106


DATED: 10-18-3                    S.a.