UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE
    Plaintiff

v.      : CASE NO. 3:01-CV-2269 (AWT)

THE CITY OF HARTFORD
    Defendant

STEVE ATUAHENE
    Plaintiff

v.      : CASE NO. 3:01-CV-2270 (AWT)

LAPONETTO ENTERPRISES LLC.
    Defendant      : OCTOBER 31, 2003

PLAINTIFF'S REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO ~~DEFENDANTS~~ MOTION FOR SUMMARY JUDGMENT

Plaintiff Pro Se, Steve Atuahene, ("Atuahene") hereby files aforementioned subject matter in the instant case and states that Defendant's motion for summary judgment be denied and in support thereof, Plaintiff Atuahene states as follow.

**I. GENUINE ISSUES OF MATERIAL FACT EXIST.**

To begin with, summary judgment is improper

1.

in this case because there are genuine issues of material fact on each element of plaintiff's cause of action. A statement of genuine issues is attached herein as EXHIBIT  as required by Local Rule 9(c)(2) Statement of Material Facts. In his Amended Civil Action Complaint Plaintiff essentially averred three main causes of action. The first cause of action is De Facto Taking/Inverse Condemnation count. The second cause of action is Civil Rights Violation of 42 U.S.C Section 1983. And the third cause of action which is derived from the second cause of action is conspiracy count.

A. COUNT ONE: DE FACTO TAKING/INVERSE CONDEMNATION.

The primary issue under this court before the Court is whether or not the Defendant City of Hartford's ("City Defendant") alleged sale to Laporetto under the disguise of alleged tax lien sale constitute De Facto Taking/Inverse Condemnation or not. City Defendant essentially claims that it sold its alleged tax liens to collect its alleged taxes. Plaintiff on the other hand claims that said transfer to Laporetto by the City Defendant constitute De Facto Taking/Inverse Condemnation. In support of its' conclusion Plaintiff supports his position with the policy statement, customs, and Laporetto's affidavit and his understanding of the transaction and the fact that soon after said transfer Laporetto seized Plaintiff's property in question and has been using it for the expansion of his business as he was told by the City defendant that he could do. This is an issue of material

2.

fact for which only fact finder, in this case the jury, is qualified and mandated to decide.

B. COUNT TWO: CIVIL RIGHTS VIOLATION: 42 U.S.C. § 1983.

Again the primary issue under this count is whether or not by selling Plaintiff's property under the disguise of alleged tax lien sale City Defendant violated Plaintiff's civil rights under 42 U.S.C. § 1983. In its Respone City Defendant wrote, inter alia:

"One of Plaintiff Atuahene's primary contentions is that Defendant Hartford sold 5 Mannz Street to Laponetto Enterprises LLC under the disguise of a tax lien sale.... Plaintiff Atuahene's claim that 'Caponetto Enterprises LLC seized the subject property in June, 1998. does not give rise to a cause of action against Defendant Hartford. If any_thing, Plaintiff Atuahene may have an action for simple trespass against Laponetto Enterprises, LLC.... Tax liens due and owing were sold to an adjoining landowner on the premise that the new owner would finally fix up the property, improve the neighborhood, and pay taxes in a timely manner. The mere act of selling tax liens did not affect Plaintiff's rights; no due process implications or rights were triggered.... Plaintiff Atuahene received notice of the taxes due... and the Laporetto possible occupation of 5 Mannz Street does not give to a cause of action against the Defendant Hartford

This above quoted statement summarizes City Defendant's

3

position. The City Defendant's statement that "The mere act of selling tax liens did not affect Plaintiff's rights; no due process implications or rights were triggered" is for the jury to decide.

1. Atuahene's Due Process was violated.

In defining the purpose of due process the United States Supreme Court, inter alia, stated:

"An elementary and fundamental requirement of due process in any proceeding is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed 865 (1950). A judge in United States District Court on due process wrote: "It is necessary to ask what process the State provided, and whether it was constitutionally adequate." In instant case City Defendant failed to provided constitutionally adequate due process notice.

2. Said Deprivation of Rights Resulted from official Policy and custom of the City of Hartford.

Nancy Ainsworth of the City of Hartford's explanation of the City Defendant's collections policy belies the defense's position. Said policy implied that the alleged tax liens sale was a sale of tax properties to the buyers. The fact that Caporetto was told that he could use the property for the expansion of his business

4.

support this position. In its Reply the City Defendant's attorney Mr Tarman Jr Esquire concededly stated:

"Defendant Hartford freely admits that Preasion Auto Service, owned and operated by Michele Caponetto, appears to use a portion of the subject property as a place to park cars

The City Defendant is aware and has been aware that Caponetto seized Atnaheres's property and is using it as part of its business. The fact is Michele Caponetto told the City of Hartford that he needed said for the expansion of his business. The City of Hartford promised that he could own it if he acquired the alleged tax liens. So it is not surprise to the City Defendant that subject property is being used by Caponetto for his business. What is a surprise to the City Defendant is that it had been caught in its pants.

This admission of Caponetto's using subject property is clearly an admission of City Defendants violation of Atnaheres property rights and civil Rights under 42 U.S.C Section 1983. It is also an admission of the result of its policies and customs that mandates that any

5.

one who buys a tax lien should be a developer who can develop the property to earn more tax revenue.

Whatever spin the City Defendants wants to give to its official policies and customs and its resultant effects in this instant case is for the jury to decide. There is no doubt that issues of material fact exist in this case and as such summary judgment is not appropriate.

A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either
1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or
2) showing there is no evidence to support an essential element of plaintiff's claim.

Celotex Corp v. Catrell, 477 U.S. 317, 322-25. (1986). Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on the essential elements of his claims. Rather defendant must demonstrate an absence of genuine factual dispute. See Celotex Corp., 477 U.S. at 327. Only if defendant meets its burden is plaintiff required to respond by summary judgment proof to show a genuine issue of

6.

material fact. Fed. R. Civ. P. 56(e).

In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

WHEREFORE, for all the foregoing reasons Plaintiff prays that the City of Hartford's Motion for Summary Judgment be denied.

Respectfully submitted

SA.

STEVE ATUAHENE
7000 Woodbine Avenue
Philadelphia PA 19151
215 877 5981