UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE :

v. : NO. 3:01-cv-2269 (AWT)

THE CITY OF HARTFORD : OCTOBER 31, 2003

SUPPLEMENT TO PLAINTIFF'S LOCAL RULE 9(c)(1) STATEMENT OF MATERIAL FACTS IN SUPPORT OF ATUAHENE MOTION FOR SUMMARY JUDGMENT.

A. AMENDMENT TO LOCAL RULE 9(c)(1) STATEMENT

Plaintiff's Local Rule 9(c)(1) Statement is hereby amended to read as:

"21. In June 1998 Caponetto and Caporetto Enterprises LLC seized 5 Manna Street. Plaintiff Complaint para. 21-30, Caporetto Affidavit and Deposition at p. 15 line 9-25 and Ainsworth's Affidavit and Deposition. 'Defendant Hartford freely admits that Precision Foreign Auto Service, owned and operated by Michele Caporetto, appears to use... subject property (5 Manna Street) as a place to park cars.'" Defendant Reply p. 4, para. 3.

1.

B. STATEMENT OF UNCONTROVERTED FACTS.

1. Michele Laporetto needed Plaintiff adjacent property for the expansion of his business

2. Plaintiff Atuahene refused to sell it to Michele Laporetto.

3. Laporetto contacted City Defendant and talked the Mayor and the City Manager among others who promised him that if he presented acceptable development proposal he could own subject property by acquiring alleged tax lien of said property

4. Laporetto complied with the requirement of the City of Hartford and around June 30, 1998 subject property was sold to Laporetto Enterprises LLC under the disguise of tax lien sale.

5. Said transaction was executed in violation of Atuahene's due process and equal protection rights because:

   a. Between 1992 and 1998 City Defendant failed to notice Atuahene on tax assessment, tax owe and due, tax lien and levy and demand for said tax levy.

   b. The City Defendant and Laporetto failed to demand payment of an alleged

2.

tax due

6. On June 30, 1998 based on the directives of the City of Hartford the Laporetto Enterprises LLC seized Atwatere's subject property and appropriated as part of its business property and continue to do so

7. City Defendant has failed to stop Laporetto from this illegal seizure and appropriation.

8. City Defendant has failed to pay and compensation to Atwatere as a result of this seizure.

9. City Defendants illegal acts and/or inaction was executed in concert with Michele Laporetto, Laporetto Enterprises LLC, Valdis Vinkes Esq, and City of Hartford employee and senior management Stephen Kinsela and Bruno Mazzulla among others

10. City Defendants acts or inaction amounts to De facto Taking/Inverse Condemnation to which just compensation is warranted

11. City Defendants is in violation of various Civil Rights mandate including 42 U.S.C Sections 1983, 1985 (3) and 1986.

SU.

3.