UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE          :

   v.                   : NO. 3:01-cv-2269(AWT)

THE CITY OF HARTFORD    : NOVEMBER 4, 2003

ATUAHENE'S MOTION FOR LEAVE OF COURT TO FILE MORE PAGES IN THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND THE RESULTANT REPLY THAN ALLOWED BY THE LOCAL RULES.

    Plaintiff Pro Se Steve Atuahene hereby moves this Court for leave to file more pages in handwritten in the Plaintiff's Motion For Summary Judgment and the Resultant Reply to Defendant's Opposition to said motion. The reasons in support of this motion is stated with more particularity in the attached memorandum of law.

    Respectfully submitted

    SA.

STEVE ATUAHENE
7000 WOODBINE AVENUE
PHILADELPHIA PA 19151
215 877 5981

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE :

v. : NO. 3:01-CV-2269(AWT)

THE CITY OF HARTFORD :

MEMORANDUM OF LAW.

In its opposition to Plaintiff's Motion for Summary Judgment City Defendant raised the issue of Local Rule 9(a)(2). City Defendant wrote;

"Plaintiff Atuahene's Memorandum of Law in Support of Motion for Summary Judgment contains approximately 66 pages of single spaced, handwritten argument. It therefore exceeds and further deviates from the requirements of United States District Court Local Rule 9(a)(2) which provides in part that 'briefs or memorandum shall not exceed forty (40) 8½ by 11 pages of double spaced standard typographical print.' Defendant Hartford does not waive compliance with this rule."

First, Local Rule 9(a)(2) is not in any

way violated. Local Rule 9(a)(2) refers to the standard typographical print. Plaintiff's memorandum is not a standard typographical print but handwritten as City Defendant concedes. Local Rule 9(a)(2) is not in essence applicable in this circumstances.

Secondly, assuming arguendo that Plaintiff's filing violated Local Rule 9(a)(2) as asserted by City Defendant, which does not, said alleged violation is harmless error, Federal Rule of Civil Procedure 61, which governs harmless error in pertinent part states:

"The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

City Defendant did not allege any prejudice resulting from Atuahene's alleged non-compliance with Local Rule 61. City Defendant has not demonstrated that alleged defect or error has affected the substantial rights of its case and its defense. Hence the issue raised by City Defendant is without merit.

Lastly it is settled law that Pro Se litigants cannot be held to the same standard of procedural requirements as lawyers and members of the bar. This proposition is supported by the

Supreme Court's holding in Haines. See Haines v. Kerner, 404 U.S. 519, 30 L.Ed. 2d 652, 91 S Ct 594, 496 Reh. Den'd. 405 U.S. 948, 30 L.Ed 2d 918, 92 S Ct 963 (1972). This Court has equitable power to set aside where a certain rule is without clarity and its adverse interpretation can deprive Pro Se litigant of his rights.

WHEREFORE, for the foregoing reasons, Pro Se Plaintiff prays the Court grant leave to accept his filing with any rules of the Court that said filing seems to violate.

Respectfully submitted

SA.

STEVE ATUAHENE
7000 WOODBINE AVENUE
PHILADELPHIA PA 19151
215 877 5981

CERTIFICATE OF SERVICE

I, STEVE ATUAHENE, hereby certify that I have today caused a copy of within motion to be served via U.S. First Class Mail postage prepaid upon

Edward C. Taiman Jr Esquire
SABIA & HARTLEY LLC
190 Trumbull Street, Suite 202
HARTFORD CT. 06103

DATED: NOVEMBER 4, 2003