UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


STEVE ATUAHENE :
    Plaintiff

    v. : NO. 3:01-CV-2269(AWT)

THE CITY OF HARTFORD
    Defendant :


STEVE ATUAHENE :
    Plaintiff

    v. : NO. 3:01-CV-2270(AWT)

CAPONETTO ENTERPRISES LLC et al :
    Defendant : OCTOBER 18, 2003


PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

    Plaintiff, Steve Atuahene, hereby respectfully prays this Court deny Defendant City of Hartford's Motion

to quash and Motion for Protective Order. In support thereof Plaintiff states as follows:

1. ADMITTED IN PART. Plaintiff admits to the averment in this paragraph except the last statement. DENIED IN PART. Plaintiff denies the statement "It therefore appears Plaintiff Atnahene is attempting to conduct depositions after the expiration of the discovery deadline date", and Defendant's statement is a conclusion of law to which no responsive pleading is warranted.

2. DENIED. Plaintiff denies that the service of the Subpoena violated Rule 45(b)(1) of the Federal Rules of Civil Procedure. The subpoena was served by a person over 18 years who is not a party to the cause. The fees if qualified under the circumstances could have been paid at the time of attendance. However defendants be deponents being employees of defendant are not entitled to any attendance fees. By way of further answer defendant's averment is a conclusion of law to which no responsive pleading is necessary.

3. DENIED. Plaintiff denies defendants allegations that a) the parties agreed that no deposition would be necessary and b) Plaintiff never objected to any of Defendant's responses to said discovery

The fact of the matter is Defendant attorney promised to deliver certain documentation and waited at the last minutes and failed to deliver. As a matter of fact reading through Defendants motion it is clear that Defendant intentionally used the time to its advantage but failing to deliver documents as promised. Later on Plaintiff became aware sometime around August 13, 2003 that he had been defrauded by Defendants agents and scheduled said deposition (see memorandum of law for more particularity on this issue). More importantly Plaintiff's Motion for Enlargement of Scheduling Order time is pending before this court.

4. ADMITTED.

WHEREFORE, for all the foregoing reasons and in consideration of attached memorandum of law in support of this Plaintiff's Response to Defendants Motions, Plaintiff prays Defendant's Motion To Quash and Motion For Protective Order be denied.

Respectfully submitted

STEVE  ATUAHENE
7000  WOODBINE  AVENUE
PHILADELPHIA  PA  19151
215  877  5981

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE   ATUAHENE         :
            Plaintiff

        v.               : NO. 3:01-CV-2269 (AWT)

THE CITY OF HARTFORD
            Defendant    :


STEVE   ATUAHENE         :
            Plaintiff

        v.               : NO. 3:01-CV-2270 (AWT)

CAPONETTO ENTERPRISES LLC et al
            Defendant    :


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER.

I. INTRODUCTION

Defendant's Motion to quash and Motion for protective order is predicated on false premise that a) Plaintiff's subpoena is defective and b) the time within which to conduct discovery has expired and c) the required fee for one days attendance etc. was not paid. Movant/Defendant reasons in support of its motion

are meritless and have no legal or equitable basis because a) Defendant failed to allege and/or demonstrate any valid reasons upon which such subpoenas are quashed; and b) Defendant failed to allege or demonstrate that said subpoenas are unenforceable under Fed. R. Civ. P. Rule 45 (C) (3) (B).

II    LEGAL ANALYSIS

A.  DEFENDANT/MOVANT MOTIONS ARE WITHOUT MERIT.

1. Defendant/Movant failed to Allege And/or Demonstrate any valid reasons upon which such subpoenas are quashed.

Defendant/Movant falsely alleged that Plaintiff's subpoena is defective in that a) the subpoenas were not served in accordance with Rule 45 (b)(1) and b) that the required fee for one day's attendance and mileage allowable was not paid. First of all the deponents are employees and agents of defendant, a party to this cause and as such they are not entitled to any compensation when deposed. Assuming arguendo that they are entitled to such compensation the rule does not require that such compensation should be paid at the time of service of said subpoenas. More importantly said deponents are not entitled to subpoenas, however, Plaintiff issued subpoena as required by Defendant's attorney that they

would not be available without subpoenas. Movant also cited the fact that it was not served in accordance with Rule 45(b)(1). Rule 45(b)(1) requires only that service be done by any person who is not a party and not less than 18 years of age. The subpoenas, even though not necessary, was served by post office worker. Said worker was over 18 years and not a party to this cause. The allegation that "Plaintiff Atwahere himself, conducted the attempted service" again is without merit. Atwahere certificate of service refers to cover letter and not the subpoenas themselves.

2. Defendant Failed to Allege or Demonstrate that Said Subpoenas Are Unenforceable Under Fed. R. Civ. P. Rule 45(c)(3)(B).

Rule 45(c)(3)(B) which governs the conditions upon which subpoenas can be quashed in relevant part states:

"On timely motion, the court... shall quash or modify the subpoena if it:
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party... to travel... more than 100 miles...
(iii) requires disclosure of privileged or other protected matter...
(iv) subjects a person to undue burden.

Movants motion did not cite any of these

Rule 45(c)(3)(B) criterias to support their motion. For that reasons alone movants motion should be denied.

B. NO EQUITABLE GROUNDS ARE AVAILABLE TO DEFENDANT/MOVANTS BECAUSE THEY COME TO EQUITY COURT WITH UNCLEAN HANDS.

It is settled legal doctrine that those that seek equitable relief should come to court with clean hands. Movants come to this Court for equitable relief with unclean hands. First, Defendant not only failed to honor any agreement but defrauded Plaintiff in believing that no document existed when they actually existed. Secondly, Defendantly fraudulently ~~sought~~ engineered delays in submitting required and agreed upon document at ~~the~~ on the eve of the expiration of date of the scheduling order for discovery.

1. Defendant Not Only Failed to Honor Any Agreement but Defrauded Plaintiff in Believing that No documents Existed When they Actually Existed.

On November 16, 2002 Plaintiff sent a renotice of deposition to Defendants via U.S mail first class mail and facsimile. EXHIBIT A. Mr Tauman Esquire, attorney for defendant at that time argued that defendants employees

could not be deposed for one reason or the other. For example Mr Tauman argued that Attorneys Steve Kinsella and Collins of Corporation Counsels office of the City of Hartford could not be deposed because they were except by attorney-client privilege. Plaintiff argued that they were not because they were employees of the City of Hartford and could be deposed. However, Plaintiff agreed to the idea that if they provide all needed documents and there was no need for deposition he would not depose them. Defendant failed to honor this agreement and as a result on June 4, 2003 Plaintiff sent a new notice of deposition to Defendants employee who have material documents and knowledge about the case. EXHIBIT B

   Defendant asked for several extensions of time to comply with the production of documents. On or around July 28, 2003 Defendant provided some documents but failed to disclose and provide some incriminating documents. For example Mr Vinkels' letter to Mr Mazzulla support the Plaintiffs count of conspiracy. The documents relating said conspiracy was hidden. In fact when Plaintiff's talked to Defendants counsel he advised that there was no such document. However, on August 13, 2003 Plaintiff visited the Licenses & Inspection Department of the City of Hartford and realized that

he had been defrauded. Thereafter he subs scheduled deposition via subpoenas to those involved in this apparent conspiracy. In effect, defendant engineered the whole scheme to avoid Plaintiff's becoming aware of the conspiracy of defendants action. Said conspiracy was retaliatory and violative of 42 USC §1985(3). As such Defendant cannot use fraudulent means and seek relief from equity court. For this reasons defendant's motion should fail.

2. Defendant Fraudulently sought expiration of Discovery Deadline to the Detriment of Plaintiff.

   Plaintiff initiated his discovery on or around middle of October 2002. In November 16, 2002 Plaintiff sent re-notice of deposition to defendants personnel and June 3, 2003 after series of request for more time Plaintiff sent final re-notice of deposition. With about one full year of requests for more time defendant response (EXHIBIT C) failed to provide the requested documents. More importantly defendant engineered its submittals in such a way that they would be received on the eve of or close to the eve of the discovery deadline. Defendant sent its half-baked documents on or around July 28, 2003 and gave Plaintiff little time to verify their completeness.

Plaintiff did this verification on August 13, 2003 and realized that he had been defrauded in thinking that defendant has been completely honest in its statements to him. Soon after providing said document defendant's attorney went on vacation and return on or around September 8, 2003.

As can be seen Plaintiff acted diligently and swiftly when he become aware that there was a need for deposition of these people to check into the potential ongoing conspiracy to deny Plaintiff his Civil Rights.

WHEREFORE, for all the foregoing reasons Defendant's motion should be denied.

Respectfully submitted

/s/

STEVE ATUAHENE
7000 Woodbine Avenue
Philadelphia PA 19151
215 877 5981

CERTIFICATE OF SERVICE

I, STEVE ATUAHENE, hereby certify that I have today caused a copy of within Motion for Enlargement to be served via U.S. Mail, First Class, postage prepaid upon:

Edward C. Taiman Jr. Esq.
SABIA & HARTLEY
190 Trumbull Street, Ste 202
HARTFORD   CT. 06103


Valdis Vinkels Esq.
216 Main Street
HARTFORD   CT. 06106


DATED: 10-18-3                    Sa.