UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE :
    Plaintiff

    v. : CASE NO. 3:01-CV-2269 (AWT)

THE CITY OF HARTFORD
    Defendant :

STEVE ATUAHENE :
    Plaintiff

    v. :

CAPONETTO ENTERPRISES, LLC :
    Defendant : NOVEMBER 24, 2003

PLAINTIFF'S REPLY TO DEFENDANT CITY OF HARTFORD'S OMNIBUS RESPONSE TO PLAINTIFF'S MOTION DATE NOVEMBER 4, 2003.

I. FACTS

Defendant City of Hartford ("City Defendant") in its opposition to Plaintiff's Motion For Summary Judgment raised the issue of Local Rule 9(a)(2) relating to page limitation of Memorandum of Law.

1.

As a result Plaintiff Steve Atuahene filed a motion for Leave of Court to file more pages in the Plaintiff's Motion for Summary Judgment and the Resultant Reply than allowed by the Local Rules. Thereafter, Defendant responded by stating that: "The Defendant, City of Hartford, hereby objects to relief requested."

City Defendant further stated that Plaintiff Pro Se is "an experienced litigant" and that "He should be required to abide by the same rules, and held to the same standard, as other counsel who appear before this court.

## II. LEGAL ANALYSIS

### A. CITY DEFENDANT'S RESPONSE HAS NO MERITORIOUS DEFENSE

The City Defendant's objection is predicated on the alleged fact that a) Plaintiff "is an experienced litigant, having been involved in well over 20 lawsuits as a plaintiff." In many respects, Plaintiff Steve Atuahene is more experienced in the world of litigation than many attorneys presently practicising law." And the City Defendant concludes that therefore "He should be required to abide by the same rules, and held to the same standard, as other counsel who appear before this court." If this argument is accepted then there would be any need for the legal profession and the bar. Plaintiff Pro Se is not a lawyer, has never claim to be a lawyer and does not intend to be a lawyer. Plaintiff is a businessman who under our rule of law and constitutional democracy is entitled to have

2.

his day in court. That does not make him a lawyer. And to treat him as a lawyer has no meritorious defense to said motion.

### B. CITY DEFENDANT'S OBJECTION HAS NO LEGAL SUPPORT.

City Defendant is represented by very able and capable lawyer. It has all the legal resources and ability to put able and credible defense, and they have tried to do that but when a cause is bad there can be no credible defense. In this case there is no credible defense.

The City Defendant's stated in its response that it "objects to relief requested." Yet it failed miserably to support its opposition with any legal support. The City Defendant's opposition failed to cite any case law, statute or constitutional mandate to support its objection. This is what defense lacks. On the contrary Plaintiff Pro Se cited various legal support for its motion.

### C. PLAINTIFF'S MOTION IS SUPPORTED BY THE LAW.

In his motion Pro Se Plaintiff cited three legal reasons in support of its motion, namely, 1) Local Rule 9(a)(2) is not applicable to Plaintiff's handwritten memorandum of law, 2) even if said rule is applicable the error is harmless and no violation therefore exist and 3) the Supreme Court mandate in Haines is in controversion with City defendant's proposition that because Pro Se Plaintiff is "more experienced in the world of litigation.... He should be required to abide by the same rules, and held

3.

to the same standard, as other counsel who appear before the court.

Secondly, the underlying statute is the tax sale statute which was violated when City Defendant in conspiracy with Laporetto and other seized Plaintiff property in violation of the Eminent Domain Laws and the Civil Rights Laws. It is settled law that the purpose of a tax sale is not to strip an owner of his property, but to insure the tax on the property is collected. Murphy v. Monroe County Tax Claim Bureau, 784 A.2d 878, 883 (Pa Cmwlth 2001).

In furtherance of this objective own the Pennsylvania Supreme Court in McKay v. Beatty, 384 Pa 286, 35 A.2d 264 (1944) concluded that, in cases such as this one, procedural rules are not ends in themselves, but only means whereby justice is administered. In McKay the Pennsylvania Supreme Court, inter alia, stated:

"Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa RCP No. 126, 12 P.S. Appendix 332 Pa lxvii provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or

4

proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Pa RCP No 126 means Pennsylvania Rules of Civil Procedure No 126. This is similar to Connecticut Rules of Civil Procedure or the Federal Rules of Civil Procedure and the Local Rules of this court. While the Pennsylvania Supreme Court's case law has no immediate applicability in the Federal court especially this court it is instructive for this court to take a judicial note of how certain court has handled this novel situation.

The Pennsylvania Rules of Civil Procedure No 126 quoted above provides two important mandates. The first instructive mandate states:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable."

In this instant case Plaintiff Pro Se filed his motions by handwriting. Said handwritten document reduced into typographical print will be within said rule. To require Plaintiff to do that will violate the intent of this procedural rule since such a rule shall be liberally construed to secure the just, speedy and inexpensive determination of these motions.

5.

The second instructive mandate states:

"The Court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

This second instructive mandate from Pennsylvania Rules of Civil Procedure No. 126 apparently used the same and similar language from Federal Rule of Civil Procedure 61, which governs harmless error. Rule 61 in pertinent part states:

"The Court at every state of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

This demonstrates that the Pennsylvania rule has federal rules of civil procedural support and this court is therefore obligated to use its mandate.

Lastly, City Defendant did not allege any prejudice resulting from Plaintiff's alleged non-compliance with Local Rule 9(a)(2) or Fed. R. Civ. P. 61. City Defendant has not demonstrated that alleged defect or error has affected the substantial rights of its case.

For the foregoing reasons Plaintiff Pro Se prays the Court reject Defendant's objection and grant his motion

RESPECTFULLY SUBMITTED
STEVE ATUAHENE

## CERTIFICATE OF SERVICE

I, STEVE ATUAHENE, hereby certify that I have today caused to be served a copy of Plaintiff's Reply to Defendant's City of Hartford's Opposition to his Motion Dated 11/4/3 via First Class U.S. Mail postage prepaid upon:

Edward C. Taiman Jr Esquire
SABIA & HARTLEY, LLC
190 Trumbull Street, Suite 202
Hartford CT 06103


DATED 11/24/3            S.A.

7.