UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE :

   v. : NO. 3:01-CV-2269(AWT)

CITY OF HARTFORD :


STEVE ATUAHENE :

   v. : NO. 3:01-CV-2270(AWT)

CAPONETTO ENTERPRISES LLC
   et al :


MEMORANDUM OF LAW.

Pursuance to Fed. R. Civ. P. 6(b) Plaintiffs files instant motion. "A motion for reconsideration may only be granted if: 1) There has been an intervening change in controlling law; new evidence, which was not available, has become available, or it is necessary to correct a clear error of law or prevent a manifest injustice" Burger v. Mays, No. 96-4365, 1997 WL 611582, 2 E.D. Pa. Sept. 23 1997. See also Harsco. v. Zoltnicki, 779 F-2d 906, 909 (3rd Cir 1985,

Plaintiff submits that your Honor erred and misapplied the law with regard to the granting of summary judgment to City defendant. However, Plaintiff submits that based on the requisite requirement for motion for reconsideration he will survive such a motion and that City defendant's motion will be denied eventually after his motion is filed. Plaintiff's reasoning is based on the fact a) new evidence, which was not available, and has not become available due to the City defendants continuing disregard of Atwatene's constitutional right to his property. In addition the City defendants continuing policy to recognize Laporetto as de facto owner of subject property and to grant him zoning change of property he doesn't own is clear demonstration of de facto taking. Plaintiff can therefore provide additional evidence to tie together his claim.

Plaintiff need time to investigate why and how the City can change the zoning for a tax lien holder who has no ownership interest to benefit from such action. Such an action to deprive Plaintiff of his property rights is sure to deprive him of his beneficial enjoyment of his property rights which amounts to de facto taking and inverse

condemnation. Plaintiff needs to visit Hartford and talk to some people and to seek expert advice as to the City's policy. Due to death in his family and his trip to Ghana, Africa Plaintiff is not able to do this. Plaintiff has previously scheduled to visit Ghana. (See Exhibit A). Denial of this motion will cause irreparable harm and economic injustice. On the contrary, this case had been pending before this court since 2003 and so a grant of even 90 days enlargement will not cause any harm.

WHEREFORE, for all the foregoing, Plaintiff respectfully request that the Court grant enlargement of time up to May 30, 2006 to enable him to attend the funeral in Ghana and give him sufficient time upon return to do his necessary research and file his motion for reconsideration.

Respectfully submitted

SA.

STEVE ATUAHENE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE :

    v.            : NO. 3:01-CV-02269(AWT)

CITY OF HARTFORD :


STEVE ATUAHENE :

    v.            : NO: 3:01-CV-2270(AWT)

LAPONETTO ENTERPRISES LLC
              et al :


ORDER.

Now to wit it is hereby ORDERED and DECREED that Plaintiff motion for Enlargement is GRANTED.

It is further ORDERED and DECREED that Plaintiff shall file his motion on or before May 30, 2006.

BY THE COURT

_____
                    J.

## CERTIFICATE OF SERVICE

I, STEVE ATUAHENE, hereby certify that I have today caused a copy of the foregoing motion to be served via U.S. mail postage prepaid upon:

1. Edward L. Taiman Jr Esq
   SABIA & HARTLEY
   190 Trumbull Street, Ste 702
   Hartford CT 06103

2. Valdis Vinkels Esq
   216 Main Street
   Hartford CT. 06106

DATED 3/10/6                              SA.

**U.S. POSTAL SERVICE CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:

Steve Atuahene
7000 Woodbine Ave
Phila, PA 19150

One piece of ordinary mail addressed to:

Clerk's Office
U.S. District Court
450 Main Street
HARTFORD      CT 06103

PS Form 3817, Mar. 1989

U.S. POSTAGE PAID
PHILADELPHIA, PA
19131
MAR 10 '06
AMOUNT $0.95
0052128-29