UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE :

v. : CIVIL ACTION NO. 3:01-CV-02269(AWT)

CITY OF HARTFORD :


STEVE ATUAHENE :

v. : CIVIL ACTION NO. 3:01-CV-02270(AWT)

CAPONETTO ENTERPRISES LLC et al :


PLAINTIFF STEVE ATUAHENE'S MOTION FOR RECONSIDERATION OF THE RULING ON MOTION FOR SUMMARY JUDGMENT.

Plaintiff Pro Se Steve Atuahene hereby requests that the Court enter Judgment in his favor with respect to De Facto Taking and Inverse Condemnation and that the Court reconsider and deny City Defendants Motion for Summary and order the Remaining counts for trial on the merit.

A Local Rule 9(c)(1) statement of material facts, Affidavits of Steve Atuahene and Agnes Atuahene filed previously is referenced herein as fully submitted.

Respectfully submitted
STEVE ATUAHENE

1 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE    ATUAHENE              :

                v.              : CIVIL ACTION
                                  NO. 3:01-CV-2269(AWT)

THE CITY OF HARTFORD            :


STEVE    ATUAHENE              :

                v.              : CIVIL ACTION
                                  NO. 3:01-CV-2270(AWT)

CAPONETTE ENTERPRISES, LLC
                et al           :


PLAINTIFF STEVE ATUAHENE'S MOTION FOR RECONSIDERATION
OF THE RULING ON MOTION FOR SUMMARY JUDGMENT.

Plaintiff Steve Atuahene hereby moves this Honorable Court for Reconsideration of the Ruling on Motion for Summary Judgment. In support thereof, Steve Atuahene, the Plaintiff states as follows:

2r

# ARGUMENT.

## A. INTRODUCTION.

The Court should grant Steve Atuahene's motion for reconsideration for the following reasons:

1. The Judgment contains some clear error of law, and reconsideration is necessary to prevent manifest injustice. Collision v. International Chem. Workers Un. Local 217, 34 F.3d 233, 236 (4th Cir 1994; see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir 1985).

2. Steve Atuahene has discovered new evidence not available at summary judgment. Harsco Corp v. Zlotnicki, 779 F.2d 906, 909 (3d Cir 1985) This newly discovered evidence is the City of Hartford's change of zoning of the subject property, 5 Maunz Street, Hartford, Connecticut upon application by Defendants Laponetto Enterprises LLC et al. The City's action crystal clearly support Plaintiff's claims not seen by this Court.

## B. LEGAL STANDARD.

The Legal Standard as annunciated by the Court in its opinion covers the requisite law except that Steve Atuahene disagrees with the last statement which states that: "The plaintiff attempts to show that there exist genuine issues of fact, but there simply are none." However Steve Atuahene will

3.

stated herein for emphasis sections relevant to his argument.

## C. ISSUES FOR ARGUMENT

I. THE JUDGMENT CONTAINS SOME CLEAR ERROR OF LAW AND RECONSIDERATION IS NECESSARY TO PREVENT MANIFEST INJUSTICE.

1. The City of Hartford failed to provide Requisite 'Notice Reasonably calculated to apprise Atuahene of the pendency of the action and did not afford him an opportunity to present his objections

The Honorable Court erred in its conclusion that the city's alleged mailings between July 1, 1994 and June 30, 2001 were reasonably calculated to apprise Atuahene of the tax status of his property.

"'Generally, when litigation is initiated to deprive individuals of their property, due process is satisfied by "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). " The proper inquiry is whether the state acted reasonably in selecting means likely to inform persons affected, not whether each property owner actually received notice. As long as the state employs

4.

means ' such as one desirous of actually informing the property owner might reasonably adopt to accomplish that purpose,' then it has discharged its burden" Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir 1988) (quoting Mullane, 339 U.S at 315)."' See Opinion of this Court dated March 2, 2006 titled "Ruling on Motion for Summary Judgment at page 9.

In analyzing this case the Court using above quoted laws erroneously concluded that "Between July 1994 and June 2001, the City sent various tax notices regarding 5 Mannz Street to Atuahere, which, under all the circumstances, were reasonably calculated to apprise him of the accrual of tax liens against his property." Under what circumstances is the issue. If Atuahere was no where to be found then the City could have used any available process. Here the circumstance is different and so the City did not have the option chosen.

On October 30, 1992 Plaintiff Steve Atuahere of 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151 purchased 5 Mannz Street, Hartford, Ct. ("5 Mannz Street"). Said transaction was recorded with the City of Hartford and Atuahere provided his official, mailing and only address as 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151. See para. 4-1 under Notices, Deposition Exhibit E of Ainsworth and para. 1 of Exhibit F. herein referenced as Appx I.

5.

By indenture dated 15, 1993 and recorded in volume 3470 at page 44, Steve Atuahere deeded a 15% interest in 5 Mannz Street to Information Management Group Inc, a 10% interest to F.A. Properties Corporation with Mr Atuahere retaining the remaining 75% interest. See Affidavit of Nancy Ainsworth in Support of Motion for Summary Judgment indicated as Ainsworth Exhibits P and S and referenced herein as ~~Appx~~ 2. As indicated by Ainsworth's Exhibit S, the indenture recorded on April 18 1994 provided Atuahere's address as 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151. Atuahere and his wife have lived at 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151's address since they acquired that property in 1989. Any search of the Atuaheres would have revealed the 7000 Woodbine Avenue address. The period in question Agnes Atuahere and the related corporate entities Ms Ainsworth referenced used 242 South 49th Street Philadelphia for its mailing and office address. At no time did Atuahere or his wife provide the address at 1650 Roselyn Street, Philadelphia PA 19141 as their address or their corporate entities address. Under these circumstances using the 1650 Roselyn Street Philadelphia Pennsylvania 19141's address ~~was~~ provided a "<u>notice reasonably calculated</u>, under all circumstances, to apprise Atuahere or corporate interested parties of the pendency of tax assessment, demand for tax due, tax lien and tax lien sale and afford them an opportunity to present their objections.

6.

The Court's contention that "between July 1994 and June 2001 the City's alleged mailings to 1650 Roselyn Street address care of companies that Plaintiff's wife control etc misses the point. The Court failed to understand the circumstances of City's claim. First, the 1650 Roselyn street address is 37 unit apartment building with mail boxes. If a mail comes without identifiable box number the mail may be returned. In this instant case the alleged mailing were "returned uncollected". In November 13, 1997 a certified mail return receipt was returned to the City as unclaimed. This was Tax Collector's Demand for alleged taxes for period 1990 to 1996. Appx 3. Again in May 26, 1998 the City sent to Information Management Group c/o F.A. Properties Company, 1650 Roselyn Street, Philadelphia PA 19141 and said letter was also "returned unclaimed". This letter contain taxes for the years 1997, 1998 and 1999. Appx 4. In January 10, 2001 Tax Collector's Demand Letter sent to Information Management Group care of F.A. Properties, 1650 Roselyn Street, Philadelphia PA 19141 was also returned to the City unclaimed. Letter sent to 1650 Roselyn Street building without box numbers were all returned unclaimed. City's letters were all address that way. So they were all never recieved. More importantly, Mrs Atuahene who managed the 1650 Roselyn Street property had office at 242 S. 49th Street, Philadelphia PA 19139 which is about 15 miles

7 -

from the 1650 Roselyn Street property. Mrs Atuahere visited the 1650 Roselyn Street property about two times a month and so without identifiable box number or apartment number any such letter may be returned unclaimed as it happened in the three cases cited above.

On or around February 24, 1998 Mrs Atuahere received the Tax Collector's Demand letter dated February 11, 1998. The delay in her receipt was due to the fact that she visited the 1650 Roselyn Street property on that day and the mailman asked her and she signed for the letter. Appx 5. The interesting about this letter is that first Mrs Atuahere lost the letter and does remember who sent except it came from Hartford, Connecticut. Appx

The City's averment and Nancy Ainsworth's Affidavit failed to elicit the information relating to all these unclaimed letters to 1650 Roselyn Street property and the Court used said affidavit to support its conclusion that between July 1994 and June 2001 the City sent various tax notices which under all circumstances were reasonably calculated to apprise Atuahee of the accrual of tax liens against his property. Where is the proof. There is no proof. Hence the Court erred in its decision and summary judgment should be denied.

8.

2. The Courts Interpretation of Constitutional Due Process In this Case to the Detriment of Atuahene and His Property Rights Constitute Clear Error of Law and Reconsideration Is Necessary to Prevent Manifest Injustice.

Plaintiff Pro Se Steve Atuahene alleged in his Civil Action Complaint that:

"11. Between October 31, 1992 and June 30, 1998, Atuahene, Condemnee did not receive any notice of alleged tax assessment, tax due and unpaid tax liens

12. Between October 31, 1992 and June 30, 1998, Atuahene, Condemnee did not receive any request for the payment of any alleged tax due.

13. The City of Hartford is alleged to have sent correspondence, possibly including tax information to Information Management 4o F.A. Properties, 1650 Roselyn Street, Philadelphia, PA 19141.

See Paras. 11 to 13 of Plaintiff's Amended Civil Action Complaint.

In a deposition Atuahene denied receiving any notices from the City defendant. However, City defendants own witness Nancy Ainsworth admitted that the City never mailed any tax information to

9.

Atwahere until February 24, 1998 when futile attempt was made.

When litigation is initiated to deprive individuals of their property, due process is satisfied by "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "The proper inquiry is whether the state acted reasonably in selecting means likely to inform persons affected, not whether each property owner actually received notice. As long as the state employs means 'such as one desirous of actually informing the property owner might reasonably adopt to accomplish that purpose,' then it has discharged its burden." Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir 1988) (quoting Mullane, 339 U.S. at 315).

City defendant's main witness admitted the City never sent any notices to Atwahere at his address at 7600 Woodbine Avenue, Philadelphia Pennsylvania 19151. The City alleged sending such notices to 1650 Rosslyn Street Philadelphia PA 19141 which is not the address of any of the co-owners. In fact except one mail all such mails were returned unclaimed.(Appx 3-5). 

10.    Yet the Court concluded that City between

July 1994 and June 2001 alleged mails were under the circumstances, reasonably calculated to apprise Atnahere of the accrual of tax liens against his property. The Court's interpretation of the phrase "reasonably calculated, under all the circumstances, to apprise Atnahere of the accrual of tax liens against his property" is constitutionally defective and constitute a clear error of the law.

First the City allegedly sent various tax notices to 1650 Roselyn Street between July 1994 and June 2001. The burden is on the City to proof that they actually sent these tax notices. No proof had been provided except that the three instances they sent notices to the 1650 Roselyn Street address they were "returned unclaimed" because the address was wrong. Yet the Court stated: "These facts support the conclusion that the notices issued during the period, July 1994 and June 2001, when such notices were sent to inadequate address to 1650 Roselyn Street, were constitutionally sufficient. Atnahere strongly begs to differ. On the contrary, said notices failed to meet constitutional due process mandate.

In support of this erroneous conclusion of law the Court inter alia stated:

"Additionally, Atnahere has not presented any evidence to dispute the City's evidence that

11.