absent an agreement or specific request by the co-owners, the City sends tax bills to the address provided on the conveyance form filed with the Town Clerk's office or the grantee's address provided in the deed. It is therefore established that Atuahene effectively consented to receive tax bills at the addresses to which they were sent."

Secondly, The Court again conveniently selects certain so-called evidence to support the position of the City. Atuahene at no time provided the City with the 1650 Roselyn Street address. If Atuahene was to provide that address it would have indicated with specificity the apartment number and the contact person since he doesn't live there. More importantly, at all times the City was provided with legitimate address of Atuahene as 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151. Atuahene acquired 7000 Woodbine Avenue property in 1989 and have lived there since that time. There would be no need to use 1650 Roselyn Street address which is 15 miles away and scarcely go there. The address provided by Atuahene to the City on the conveyance form was 7000 Woodbine Avenue Philadelphia Pennsylvania 19151. The address on the deed when 25% of 5 Mountz street property was transferred was again 7000 Woodbine Avenue Philadelphia Pennsylvania 19151 (Appx I) So the idea that

12.

Atnowhere or any of the Co-owner gave the City the 1650 Roselyn Street address is false and had no validity. None of the Co-owners or their representative had ever dealt with the City.

Secondly in interpreting the Constitutional due process in this case the Court failed to consider the substantive laws defined by the relevant statutes. Nowhere in its analysis of this case did the Court made any attempt to reference the relevant statute of the State of Connecticut. In its Plaintiffs Reply to City Defendant's objection to Plaintiff's Motion for Summary Judgment Plaintiff analyzed the relevant state law which the City violated. (Appx 6)

City defendant is obligated to demand payment of alleged taxes due before alleged lien sale. The Title 12 section 12-155 of Connecticut General Statute which governs tax collections, in relevant part, states:

"If any person fails to pay any tax, the collector shall make personal demand of him therefor or leave written demand at his usual place of abode or deposit in some post office a written demand for such tax, postage prepaid addressed to such person at his last known place of residence.

13.

Atwahene's last-known place of residence is 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151. The City records including deed, mortgage Note and conveyance form all indicated the 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151 address. The City's own witness Nancy Ainsworth acknowledged this address and testified in a deposition that the City never sent anything to 7000 Woodbine Avenue address. See Ainsworth deposition pages 50-53 (Also see Appy __1__ ). The City without any doubt failed to comply with title 12 section 12-155, Notice requirement of the due process clause and the court failed to recognize this constitutional defect constitute clear error of law and reconsideration is necessary to prevent manifest injustice.

14.

3. The Court Erred In the Usurpation of the Jury Function by not confining Itself to Issue-finding but Extended Its function to Issue-Resolution.

In its opinion supporting its decision the Court correctly articulated the right body of law. The Court, inter alia, stated:

"When ruling on a motion for summary judgment, the court must respect the province of the jury. The Court, therefore, may not try issue of fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). It is well-established that 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge.' Anderson 477 U.S. at 255. Thus, the trial court's task is 'carefully limited to discerning whether the are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined ... to issue-finding; it does not extend to issue-resolution.'" Giallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2d Cir 1994)

"An issue is genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". Anderson, 477 U.S. at 248. A material fact is one that would 'affect the outcome of the suit under the governing law.' Id ... Thus, only those facts that must be

15.

decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with asserted factual dispute, the court must examine the elements of the claims and defenses at issue, on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir 1990).

a. THE ISSUE OF NOTICE

In this instant case there are many issues that the Court instead of confiding itself to issue-finding it extended its function to issue resolution. Plaintiff claims include 1) lack of notice relating to tax assessment, taxes due, demand for taxes due, the tax liens, and the sale of such tax liens. Plaintiff claims that he never received any such notice eventhough his actual and specific residential and business address were a matter of public record, a record within the control of the City. More importantly any reasonably search would have reveal the whereabouts the taxpayer/plaintiff is. The City selectively chose to use an address which was not reasonably calculated to reach Plaintiff and which the postal system three times notified

16

the City that they were not claimed. (Appx 2-4). Under such circumstances the process had passed issue-finding stage to issue-resolution and the court should have left that to the jury. When the court decided that "between July 1994 and June 2001, the City sent various tax notices... which, under all circumstances were reasonably calculated to apprise him (Atwahere) of accrual of tax liens against his property" the court usurped the role of the jury to itself. This is a disputed material fact within the province of the jury.

b. THE EMINENT DOMAIN ISSUE

On this issue, here again the court usurped the authority of the jury. Under Plaintiff's Motion For Summary Judgment Plaintiff articulated on the fact that the policy and the intent of the City amounted to a "taking." (Appx 6). While the court denied Atwahere's Motion against the City at least Atwahere raised genuine issue of material fact as to whether the City's sale of tax liens to Laponetto LLC went beyond legitimate exercise of its authority. The purpose of tax sale is to correct taxes not to develop properties within the City and when the City policy called for development of parties subject to tax liens it implicated the taking clause of the 5th Amendment. Justice Holmes of U.S. Supreme Court noted "a
17.

a strong public desire to improve the public condition, as in this case as alleged, is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change". Pennsylvania Coal Co v. Mahon, 260 U.S. 393, 416, 43 S Ct 158, 160, 67 L. Ed 322, 326 (1922).

In its opinion the court wrote, inter alia:

"Atnahene... asserts that the tax lien sale was executed pursuant to an illegal, informal agreement between the City and Laponetto and that the aim of the agreement was to transfer the property to Laponetto LLC. There is no evidentiary support for Atnahene's contention that the City entered into an agreement with Laponetto to deprive him of his property."

and the court quoted Atnahene's deposition to support this unsupported conclusion. In his deposition which took place on November 21, 2002 Atnahene stated:

"I think I made it clear that the City conspired with Laponetto to deprive me of my property and civil rights... <u>I don't have evidence at this stage</u>. I believe that somebody in the City might have called Laponetto that there's a lien on this property, if you do A, B, C, you can have the property. And Laponetto did that. <s>I believe that might have been one possible scenario</s>"

18. see p. 13 of this court opinion dated...

The City after every attempt to answer discovery demands on May 14 2003 made Nancy Ainsworth available for deposition and production of document which revealed that not only was there evidentiary support for Atnahene's claims but that the policy of the City was an actual taken and not tax lien sale and that there was a conspiracy. The documentary evidence, the deposition of Laponetto and Ainsworth all provided evidentiary support of Atnahene's claims and the court erred in usurpation the function and authority of the jury.

C. CIVIL RIGHTS

The issue of lack of notice is the core of constitutional due process. The City was aware of Atnahene's address from day one, chose to use an address which was at best incomplete address and when letters were sent there they were "returned unclaimed". Then without any evidentiary support claimed they served Atnahene. "When reviewing the evidence on a motion for summary judgment, the court must 'assess the record in the light most favorable to the non-movant and ... draw all reasonable inferences in its favor. Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir 2000). Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of this motion." Unfortunately the court failed at its own defined test.

19

**4.** The Court Erred in Denying Plaintiff Steve Atuahene's Motion for Summary Judgment and Granting City Defendant's Motion for Summary Judgment.

a. ATUAHENE'S PROPERTY WAS TAKEN, CONSTITUTIONAL DUE PROCESS WAS VIOLATED. THE COURTS FAILURE TO RECOGNIZED THESE ISSUES IS A CLEAR ERROR OF LAW AND RECONSIDERATION IS NECESSARY TO PREVENT MANIFEST INJUSTICES.

Under the factual background of its opinion the court inter alia wrote;

"For the year 1991 through 1996, the City recorded tax liens totaling $24,524.71 against 5 Mannz Street... On or about June 30 1998, Caponetto LLC purchased these tax liens from the City." Page 3 para 2 of Opinion.

However the court implicitly conceded that between 1991 through July 1, 1994 the City failed to provide requisite notices of tax matters relating to 5 Mannz Street property. In support of this contention the court's opinion is clear. The court wrote;

"Between July 1, 1994 and June 30, 1995 the City sent all notices regarding 5 Mannz Street to Steve Atuahene..." page 2 of opinion.

See also paras. 10 through 11, and 13 to 14 of Rule 9(c) statement of City dated April 29, 2003; City Defendant in its Reply to Plaintiff's Response in Opposition to its Motion for Summary Judg. concededly admitted that Plaintiffs property

20.

5 Mannz Street, Hartford, Connecticut has been seized by and is being used by Caponetto Enterprises LLC City Defendant stated, inter alia,:

"Defendant Hartford <u>freely admits</u> that Precision Foreign Auto Service, owned and operated by Michele Caponetto, appears to use a portion of the subject property as a place to park cars."

Para. 3 of page 4 of Defendant's Reply to Plaintiffs Response in Opposition to Motion for Summary Judgment dated September 11, 2003. Emphasis added.

Without notice to Atuahene admittedly between 1992 through July 1, 1994 and using the alleged liens as part of the basis to sell the alleged liens to Caponetto Enterprises LLC and the fact that such sale had resulted in the dimunition of Atuahene's property de facto taking has been implicated. The least the court can do is to allow the jury to decide the merit of the claim. At the minimum there exist a genuine issue of material fact as to whether or not De facto Taking and Inverse Condemnation exist with reference to the tax period October 30, 1992 and July 1, 1994, when the City Defendant and the Court's opinion concede that no notice was given and that partially as a result Caponette Enterprises LLC had seized subject property and using it for its business at the detriment of and dimunition of Atuahene's property.

21

**II.** STEVE ATUAHENE HAS DISCOVERED NEW EVIDENCE NOT AVAILABLE AT SUMMARY JUDGMENT.

Recently, the City of Hartford had changed the zoning of 5 Mannz Street property upon application of Michele Laponetto, the president and sole owner of Laponetto Enterprises LLC on the company's behalf. Generally, you cannot apply for zoning change unless you are the owner of the property in question. The City's change of zoning upon application by Laponetto Enterprises LLC furthers the tacit recognition by the City that Laponetto Enterprises LLC's purchase of the tax liens was for all intents and purposes the sale of Atuahene's property. The City is aware of the pending case and for the City to make any zoning change to benefit Laponetto Enterprises LLC while it is only a tax lien holder clearly violates Atuahene's property right. Said action is in furtherance of the de facto taking alleged in Plaintiff complaint. The zoning change effectively affects the use of Atuahene of his property which is compensable under the eminent domain statute.

22.

## CONCLUSION

The notice violation, the unconstitutional lien sale, and the de facto taking and inverse condemnation of Atuahene's 5 Mannz Street property implicates the various causes of action enumerated in the complaint. The Courts summary judgment ruling contains some clear errors of law and the continued violation of Atuahene's property rights all deserve a reconsideration of this Court's decision of March 2, 2006.

Clearly Plaintiffs deserve summary judge in the area of De facto taking and Inverse Condemnation in his favor and against City of Hartford. At a minimum the summary judgment entered in favor of City Plaintiff should be reversed, denied and ordered for a trial on the merit.

For all the foregoing reasons Pro Se Plaintiff Steve Atuahene respectfully request that this Honorable Court reconsidered its decision of March 2, 2006 and grant aforementioned relief.

Respectfully submitted
S.A.
STEVE ATUAHENE

23

## CERTIFICATE OF SERVICE

I, STEVE ATUAHENE, hereby certify that a copy of within Motion for Reconsideration was sent via U.S. Mail, postage prepaid on June 26, 2006 to the following:

Edward C. Taiman, Jr Esq
SABIA & HARTLEY, LLC
190 Trumbull Street, Suite 202
Hartford CT 06103


Valdis Vinkels Esq.
215 Main Street,
Hartford CT 06106


DATED   6/26/6                SA.

24