# CONTENTS OF APPENDICES

1. Ainsworths Deposition Exhibits E and F.

2. Ainsworths Deposition Exhibits P and S

3. Tax Collectors Demand Letter Returned Uncollected

4 Returned Unclaimed Letter Containing Taxes for 1997, 1998, 1999

5. Tax Collector's Demand Letter dated February 11, 1998 Delivered February 24, 2000 1998 Which Got lost before Receipt by Atwahere

6 Plaintiff Reply which analyzed Relevant State Laws City Violated

7. Ainsworth Deposition Confirming Atwahere Was never sent Tax mails to his 7000 Woodbine Ave Residential Address

APPX

See Volume 3376 Page 292

*Exhibit 1*

Volume **3310** Page № 96

DEPOSITION EXHIBIT

Ainsworth E

5/14/03

### OPEN END MORTGAGE DEED AND SECURITY AGREEMENT

THIS MORTGAGE is made by and between STEVE ATUAHENE, of Philadelphia, Pennsylvania, ("Mortgagor"), and CHARLES J. AYERS, of Newington, Connecticut ("Mortgagee").

To secure the payment of an indebtedness in the sum of ONE HUNDRED TWENTY-NINE THOUSAND SEVEN HUNDRED TWENTY-TWO ($129,722.00) DOLLARS lawful money of the United States to be paid in accordance with a note for said sum from Mortgagor to Mortgagee of even date herewith (the "Note"), (copies of which are attached hereto), Mortgagor is contemporaneously executing and delivering to Mortgagee this Mortgage (the "Mortgage") covering certain land, with improvements thereon, located in the Town of Hartford, County of Hartford, and State of Connecticut, which is more fully described in Schedule A attached hereto and made a part hereof. In consideration thereof, Mortgagor hereby gives, grants, bargains, sells and confirms unto Mortgagee, its successors and assigns forever, the following property, rights, privileges and franchises (collectively "Mortgaged Property"):

The real property described in said Schedule A, together with the buildings, structures and improvements now or hereafter thereon (the "Improvements"), with the appurtenances thereof and thereto (collectively the "Premises"); together with the following (collectively the "Collateral"):

1.    All leasehold estates, right, title and interest of Mortgagor in and to all leases or subleases covering the Premises, or any portion thereof or interest therein, now or hereafter existing or entered into, and all right, title and interest of Mortgagor thereunder, including, without limitation, all cash or security deposits, advance rentals, and deposits or payments of a similar nature, and all rents, issues and profits of the Premises;

2.    All easements, rights-of-way and rights used in connection therewith or as a means of access thereto, and all tenements, hereditaments and appurtenances thereof and thereto, and all water rights; .

3.    All right, title and interest of Mortgagor in and to any streets and roads abutting the Premises to the center lines thereof and in and to all strips or gores of land therein or adjacent to the Premises;

4.    All fixtures, furnishings, appliances, apparatus, equipment, machinery and all other personal property located on the premises, and all contract rights, accounts receivable, and general intangibles in connection with the Mortgaged premises.

WHENEVER requested by Mortgagee, Mortgagor shall from time to time execute and record at Mortgagor's expense such supplementary mortgage(s), financing statements, and other chattel instruments as Mortgagee may reasonably require in order to insure that the Mortgaged Property and interests therein now or hereafter owned by Mortgagor shall be subject to the lien created by the Mortgage and shall be security for the payment of the Note as herein provided. In the event Mortgagor shall fail to execute and record supplementary mortgage(s), financing statements or other chattel instruments as required herein within ten (10) days after written request by Mortgagee, then Mortgagor hereby irrevocably appoints Mortgagee its attorney-in-fact, which appointment is coupled with an interest, to execute and deliver such supplementary mortgage(s) financing statements or other chattel instruments in the name of, and on behalf of, Mortgagor.

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103-3596
———
(203) 278-470
———
FAX NUMBER
(203) 548-0230

I CERTIFY THIS TO BE A TRUE COPY OF A DOCUMENT RECORDED IN THE HARTFORD LAND RECORDS.
RECEIVED FOR RECORD NOVEMBER 2, 1992 AT 1:36 P.M.

DEPUTY ASST. TOWN CLERK

Volume 3310 Page № 97

TO HAVE AND TO HOLD the Mortgaged Property, with the appurtenances thereof, unto Mortgagee, its successors and assigns forever, to its and their own proper use and behoof.

THE CONDITION OF THIS DEED IS SUCH THAT whereas Mortgagor is justly indebted to Mortgagee in the amount set forth in the Note;

And in order more fully to protect the security of the Mortgage, Mortgagor further covenants, warrants and agrees with Mortgagee as follows:

## ARTICLE I

### COVENANTS AND AGREEMENTS OF MORTGAGOR

1.1  **Payment of Secured Obligations.**  Mortgagor shall pay when due the principal of, and the interest on, the indebtedness evidenced by the Note, charges and fees, and shall otherwise comply with all the terms of the Note and the Mortgage.

1.2  **Warranties and Representations.**  Mortgagor does for himself, his heirs, successors and assigns, covenant with Mortgagee, his heirs, successors and assigns, that at and until the ensealing of these presents he is well seized of the Premises as a good indefeasible estate in FEE SIMPLE, and has good right to bargain and sell the same in manner and form as is above written, and that the same are free from all encumbrances whatsoever except as specifically set forth in Schedule A. Mortgagor does by these presents bind himself and his heirs and assigns forever to WARRANT AND DEFEND the Premises and the Personal Property to Mortgagee, his successors and assigns, against all claims and demands whatsoever, except as above mentioned.

1.3  **Required Insurance.**  Mortgagor shall, at Mortgagor's sole cost and expense, maintain public liability insurance against injury to person and property, keep the improvements now existing or hereafter erected on the Premises insured as may be required from time to time by the Mortgagee against loss or damage by fire, windstorm or other hazards, casualties and contingencies covered by a standard fire, broad form extended coverage, vandalism and malicious mischief insurance policy, all in such amounts and for such periods as may be required by the Mortgagee, which policies of insurance shall name Mortgagee as first Mortgagee and which will provide at least ten (10) days notice to Mortgagee prior to cancellation; and will pay promptly, when due, any premiums on all such insurance.

1.4  **Indemnification.**  If Mortgagor is made a party defendant to any litigation concerning the Mortgage, or any prior mortgage on the Mortgaged Property, then Mortgagor shall indemnify, defend and hold Mortgagee harmless from all liability by reason of said litigation, including reasonable attorneys' fees and expenses incurred by Mortgagee in any such litigation, whether or not any such litigation is prosecuted to judgment.  If Mortgagee commences an action against Mortgagor to enforce any of the terms hereof or because of the breach by Mortgagor of any of the terms hereof, or for the recovery of any sum secured hereby, Mortgagor shall pay to Mortgagee reasonable attorney's fees and expenses, and the right to such attorney's fees and expenses shall be deemed to have accrued on the commencement of such action and shall be enforceable, whether or not such action is prosecuted to judgment.

1.5  **Taxes, Utilities and Assessments.**  Mortgagor shall pay, or cause to be paid and discharged, on or before the last day on which they may be paid without penalty or interest, all such duties, taxes, sewer rents, charges for water, or for setting or repairing meters, and all other

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103 3599
—
(803) 275-0770

FAX NUMBER
(803) 844-5200

-2-

## Volume  3310  Page    №    98

utilities in the Improvements or on the Premises or any part thereof, and any assessments and payments, usual and unusual, extraordinary or ordinary, which shall be imposed upon or become due and payable or become a lien upon the Premises or the Mortgaged Property, or any portion thereof or interest therein, and the sidewalks or streets in front thereof, by virtue of any present or future law of the United States or of the State, County, City or Town wherein the Premises are located.  In default of any such payment, Mortgagee may pay the same and the amount so paid by the Mortgagee shall, at Mortgagee's option, become immediately due and payable with interest at the rate of interest provided in the Note and shall be deemed part of the indebtedness secured by the Mortgage.

1.6  **Maintenance, Repairs, Alterations.**  Mortgagor shall keep the Mortgaged Property or cause the same to be kept in good condition and repair and fully protected from the elements to the satisfaction of Mortgagee; Mortgagor shall not commit or permit any waste thereon and shall not do or permit any act by which the Mortgaged Property shall become less valuable; Mortgagor shall not remove, demolish or structurally alter any building, structure or other Improvement (except such alterations as may be required by laws, ordinances or regulations) without the prior written permission of Mortgagee; Mortgagor shall complete promptly and in good and workmanlike manner any building or other Improvement which may be con- structed on the Premises and promptly restore in like manner any improve- ment which may be damaged or destroyed thereon and shall pay when due all claims for labor performed and materials furnished therefor; and Mortgagor shall use and operate the Mortgaged Property in compliance with all applicable laws, and with all applicable requirements of any ground lease, lease or sublease now or hereafter affecting the Premises or any part thereof.  Mortgagee and its representatives shall have access to the Premises and Mortgaged Property at all reasonable times to determine whether Mortgagor is complying with its obligations under the Mortgage, including, but not limited to, those set out in this Section.

1.7  **Actions by Mortgagee to Preserve Security, etc.**  If Mortgagor fails to make any payment or to do any act in the manner provided for in the Mortgage or the Note, Mortgagee, in his own discretion, without obligation so to do and without notice to or demand upon Mortgagor and without releasing the Mortgagor from any obligation, and without the same curing any default of Mortgagor as a result of such non-performance, may make or do the same in such manner and to such extent as Mortgagee may deem necessary to protect the security hereof.  Mortgagor shall pay upon demand all expenses incurred or paid by Mortgagee (including, but not limited to, counsel fees and court costs) on account of the exercise of all of the aforesaid rights or privileges or on account of any litigation which may arise in connection with the Mortgage or the Note, including the foreclosure of the Mortgage or the enforcement of the terms of the Note, or on account of any attempt, without litigation, to enforce the terms of the Mortgage or Note.  In case the Mortgaged Property or any part thereof shall be advertised for foreclosure sale and not sold, Mortgagor shall pay all costs in connection therewith.  In the event that Mortgagee is called upon to pay any sums of money to protect or sustain the lien of the Mortgage and the Note as aforesaid, all monies advanced or due hereunder shall become immediately due and payable, together with interest at the rate of interest provided in the Note, computed from the date of such advance to the date of the actual receipt of payment thereof by Mortgagee.  All such costs of collection incurred pursuant to this Section shall be deemed to be part of the indebtedness secured by the Mortgage.

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103-3599

(803) 278-1970

FAX NUMBER
(203) 844-8290

Volume 3310 Page № 99

1.8    **Inspections.** Mortgagee, or his agents, representatives, or workmen, are authorized to enter at any reasonable time upon or in any part of the Premises for the purposes of inspecting the same or the Mortgaged Property and for the purpose of performing any of the acts he is authorized to perform under the terms of the Mortgage.

## ARTICLE II

### REMEDIES UPON DEFAULT

2.1    **Events of Default.**    Any one or more of the following shall constitute an Event of Default under the Mortgage and the Note:

(a) Failure of Mortgagor to make one or more payments required by the Note on the due date thereof.

(b) Failure of Mortgagor to pay the amount of any costs, expenses or fees (including counsel fees) of Mortgagee, as required by any provisions of the Mortgage or the Note, with interest thereon at the rate of interest provided in the Note from the date of payment thereof by Mortgagee.

(c) Failure to pay any insurance premium required hereunder when the same shall be due or exhibit to Mortgagee, within ten (10) days after the date called for, receipts showing payment of any insurance premium required hereunder.

(d) Except as hereinbefore permitted, the actual or threatened alteration, demolition or removal of any Improvements on the Premises without the written consent of Mortgagee.

(e) Damage to any Improvements on the Premises in any manner, which is not covered by insurance deemed adequate by Mortgagee.

(f) Failure to maintain the Improvements on said Premises in good repair.

(g) Failure to comply with any requirements or order or ordinance issued by any governmental authority claiming jurisdiction over the Mortgaged Property.

(h) Failure of Mortgagor or any maker or guarantor of the Note to comply with or perform any warranty, representation, covenant or agreement contained herein or in the Note or in any other instrument given by the Mortgagor as security for the Note or otherwise.

(i)    The institution of any bankruptcy, reorganization or insolvency proceedings against Mortgagor or other owner of the Mortgaged Property or any maker or guarantor of the payment of the Note or the appointment of a receiver or a similar official with respect to all or a substantial part of the properties of Mortgagor or any maker or guarantor of the payment of the Note or

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103 3699
(203) 275-0270
FAX NUMBER
(203) 344-3290

-4-

**Volume 3310 Page № 100**

other owner of the Mortgaged Property and a failure to have such proceedings dismissed or such appointment vacated within a period of 60 days.

(j)    The institution of any voluntary bankruptcy, reorganization or insolvency proceedings by Mortgagor or other owner of the Mortgaged Property or any maker or guarantor of the payment of the Note, or the appointment of a receiver or a similar official with respect to all or a substantial part of the properties of Mortgagor or other owner of the Mortgaged Property or any maker or guarantor of the payment of the Note.

(k)    The default by the Mortgagor in any current or future obligation to the Mortgagee under the Note secured hereby, this mortgage, or any other note, mortgage, agreement or other instrument between the Mortgagor and/or any maker or any guarantor of the Note secured hereby, and the Mortgagee; whether now existing or hereafter arising.

(l)    The default of the Mortgagor in the payment of any installment of principal or interest on any note secured by a prior mortgage on the Mortgaged Property, or in the performance of any other term of said note or mortgage.

2.2    Acceleration Upon Default. Additional Remedies.   In the event that one or more of the Events of Default as above provided shall occur, the remedies available to Mortgagee shall include, but not necessarily be limited to, any one or more of the following:

(a)    Mortgagee may declare the entire unpaid balance of the Note immediately due and payable upon ten (10) days notice.

(b)    Mortgagee may take immediate possession of the Mortgaged Property or any part thereof (which Mortgagor shall surrender to Mortgagee) and manage, control or lease the same to such person or persons and at such rental as it may deem proper and collect all the rents, issues and profits therefrom, including those past due as well as those thereafter accruing, with the right in Mortgagee to cancel any lease, sublease or tenancy for any cause which would entitle Mortgagor to cancel the same; to make such expenditures for maintenance, repairs and costs of operation as it may deem advisable; and after deducting the cost thereof, to apply the residue to the payment of any sums which are unpaid hereunder or under the Note.   The taking of possession under this paragraph shall not prevent concurrent or later proceedings for the foreclosure of the Mortgaged Property as provided elsewhere herein.

(c)    Mortgagee may apply to any court of competent jurisdiction for the appointment of a receiver or similar official to manage and operate the Mortgaged Property, or any part thereof, and to apply the net rents, issues and profits therefrom to the payment of the interest and/or principal of the Note and/or any other obligations of Mortgagor to Mortgagee hereunder.   In the event of such application, Mortagor agrees to consent to the appointment of such receiver or similar official, without bond or

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103 3699
—
(203) 278-1870
—
FAX NUMBER
(203) 244-9290

-5-

**Volume 3310 Page № 101**

security, and agrees that such receiver or similar official may be appointed without notice to Mortgagor, without regard to the adequacy of any security for the debt and without regard to the solvency of Mortgagor or any other person, firm or corporation who or which may be liable for the payment of the Note or any other obligation of Mortgagor hereunder.

(d)    Mortgagee shall have the right to foreclose the Mortgage and in case of sale in an action or proceeding to fore-close the Mortgage, the Mortgaged Property may be sold in parts or as an entirety. It is intended hereby to give to the Mortgagee the widest possible discretion permitted by law with respect to all aspects of any such sale or sales.

2.3    **Additional Provisions.**    Mortgagor expressly agrees as follows:

(a)    All remedies available to Mortgagee with respect to the Mortgagee shall be cumulative and may be pursued concurrently or successively. No delay by Mortgagee in exercising any such remedy shall operate as a waiver thereof or preclude the exercise thereof during the continuance of that or any subsequent default.

(b)    The obtaining of a judgment or decree on the Note, whether in the State of Connecticut or elsewhere, shall not in any manner affect the lien of the Mortgage upon the Mortgaged Property, and the debt represented by said judgment or decree shall be secured hereby to the same extent as the Note is now secured.

**ARTICLE III**

**SECURITY AGREEMENT**

3.1    **Creation of Security Interest.**    The Mortgagor hereby grants to the Mortgagee a security interest in the Collateral including, without limitation, any and all property of similar type or kind hereafter located on or at the Premises in which the Mortgagor has a possessory or title interest, and any proceeds thereof for the purpose of securing all obligations of the Mortgagor set forth in this Mortgage.

3.2    **Warranties, Representations and Covenants of the Mortgagor.**    The Mortgagor hereby warrants, represents and covenants as follows:

(a)    Except for the security interest granted hereby, Mortgagor is, and as to portions of the Collateral to be acquired after the date hereof will be, the sole owner of the Collateral, free from any lien, security interest, encumbrance or adverse claim thereon of any kind whatsoever. The Mortgagor shall notify the Mortgagee of, and will defend the Collateral against, all claims and demands of all persons at any time claiming the same or any interest therein.

(b)    This Mortgage constitutes a Security Agreement as that term is used in the Uniform Commercial Code of the State of Connecticut.

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY FIFTH FLOOR
HARTFORD, CT 06103-3599
——
(203) 278-1970
——
FAX NUMBER
(203) 548-0000

-6-

Volume 3310 Page Nº 102

### ARTICLE IV

#### MISCELLANEOUS

**4.1 Notices.** All notices, demands and requests given by either party hereto to the other party shall be in writing. All notices, demands and requests by Mortgagee to Mortgagor shall be deemed to have been properly given if sent by United States registered or certified mail, postage prepaid, addressed to Mortgagor, at 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151, or at such other address as Mortgagor may from time to time designate by written notice to Mortgagee, given as herein required. All notices, demands and requests by Mortgagor to Mortgagee shall be sent by United States registered or certified mail, postage prepaid, addressed to Mortgagee, at 47 Frederick Street, Newington, Connecticut, 06111, or at such other address as the Mortgagee may from time to time designate by written notice to Mortgagor given as herein required. Notices, demands and requests given in the manner aforesaid shall be served or given for all purposes hereunder at the time such notice, demand, or request shall be deposited in any post office or branch post office regularly maintained by the United States Government. Mortgagor shall deliver to Mortgagee, promptly upon receipt of same, copies of all notices, certificates, documents and instruments received by it which materially affect any part of the Mortgaged Property covered hereby.

**4.2 Modification in Writing.** This Mortgage may not be changed, terminated or modified orally or in any other manner than by an instrument in writing signed by the party against whom enforcement is sought.

**4.3 Invalidity of Certain Provisions.** If any term, clause or provision of the Mortgage or Note shall be adjudged to be invalid, the validity of the remainder shall not be affected thereby, and each such term, clause and provision shall be valid and enforceable to the fullest extent permitted by law. If the lien of the Mortgage is adjudged to be invalid or unenforceable as to any part of the debt, or if the lien is invalid or unenforceable as to any part of the Mortgaged Property, the unsecured portion of the debt as determined by Mortgagee, may at Mortgagee's option, be declared due and payable and shall be completely paid prior to the payment of the secured portion of the debt, and all payments made on the debt, whether voluntary or otherwise, shall be considered to have been first paid on and applied to the full payment of that portion of the debt which is not secured or fully secured by the lien of the Mortgage.

**4.4 Governing Law and Construction of Clauses.** This Mortgage shall be governed under, and construed by, the laws of the State of Connecticut.

NOW, THEREFORE, if the Note secured hereby, and any extensions or renewals thereof, shall be well and truly paid according to its tenor and if all agreements and provisions contained in such Note and herein are fully kept and performed, then this deed shall become null and void; otherwise to remain in full force and effect.

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY FIFTH FLOOR
HARTFORD, CT 06103-3599

ISD ₦ 278 1878
TAX NUMBER
(203) 244 6290

-7-

Volume  3310  **Page**  № 103

IN WITNESS WHEREOF, Mortgagor has hereunto set or caused to be set its hand and seal this 30th day of October, 1992.

Witnessed:

_William F. Healey_
WILLIAM F. HEALEY

_Agnes Manu_
AGNES MANU

_Steve Atuahene_
Steve Atuahene

STATE OF CONNECTICUT )
                     ) ss.  Hartford                October 30, 1992
COUNTY OF HARTFORD   )

Personally appeared STEVE ATUAHENE, signer and sealer of the foregoing Instrument, and acknowledged the same to be his free act and deed, before me.

_William F. Healey_
WILLIAM F. HEALEY
Commissioner of the Superior Court

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103-3595
(203) 278-678
FAX NUMBER
(203) 344-6299

-8-

**Volume  3310  Page    № 104**

A certain piece or parcel of land, together with the buildings and improvements thereon, situated on the southerly side of Mannz Street, and known as No. 5 Mannz Street, more particularly bounded and described as follows:

NORTHERLY    on Mannz Street, about one hundred twelve (112) feet;

EASTERLY     by lands now or formerly of Frances J. Martin, Lester W. Harrington and Daniel J. Harrington, partly by each, in all about one hundred twenty (120) feet;

SOUTHERLY    by land now or formerly of John E. Ayers, about one hundred five (105) feet; and

WESTERLY     by land now or formerly of Harold W. Kittredge, about one hundred twenty (120) feet.

Being the same premises conveyed to Charles J. Ayers by deed of Alice Ayers dated December 27, 1977 and recorded in Volume 1608 at page 271 of the Hartford Land Records.

SCHEDULE A

Received for Record  November 2, 1992  at    1:36  P. M. Attest _____  Town Clerk.

*Exhibit E*

Volume 3779 Page № 261

DEPOSITION EXHIBIT

Ainsworth F
5/14/03   Sw

### JUDGMENT LIEN

THIS IS TO CERTIFY that CHARLES J. AYERS of Broad Brook, Connecticut, on the 6th day of December, 1996, in the Superior Court holden at Hartford, in the Judicial District of Hartford/New Britain and State of Connecticut, did obtain judgment in his favor against STEVE ATUAHENE of 7000 Woodbine Avenue, Philadelphia, PA, F.A. INVESTMENT GROUP, INC. of 242 South 49th Street, Philadelphia, PA, and AYERS BEVERAGE COMPANY, INC. of 5 Mannz Street, Hartford, CT, for the sum of $208,516.39 damages, which judgment remains wholly unsatisfied; and to secure said sums, and the lawful interest thereon, a judgment lien in favor of said CHARLES J. AYERS is hereby placed upon the following described real estate of the said STEVE ATUAHENE, known as 5 Mannz Street in the Town of Hartford and State of Connecticut, more particularly bounded and described as follows:

A certain piece or parcel of land, together with the buildings and improvements thereon, situated on the southerly side of Mannz Street, and known as No. 5 Mannz Street, more particularly bounded and described as follows:

NORTHERLY    on Mannz Street, about one hundred twelve (112) feet;

EASTERLY    by lands now or formerly of Frances J. Martin, Lester W. Harrington and Daniel J. Harrington, partly by each, in all about one hundred twenty (120) feet;

SOUTHERLY    by land now or formerly of John E. Ayers, about one hundred five (105) feet; and

WESTERLY    by land now or formerly of Harold W. Kittredge, about one hundred twenty (120) feet.

Being the same premises conveyed to Charles J. Ayers by deed of Alice Ayers dated December 27, 1977 and recorded in Volume 1608 at page 271 of the Hartford Land Records.

pursuant to the statute in such case made and provided.

Dated at Hartford, Connecticut, this 13th day of January, 1997.

CHARLES J. AYERS

By _William F. Healey_
William F. Healey
Commissioner of the Superior Court

LAW OFFICES
GOULD, KILLIAN
& WYNNE
ONE COMMERCIAL PLAZA
TWENTY-FIFTH FLOOR
HARTFORD, CT 06103-3595

(860) 278-1270

FAX NUMBER
(860) 246-9200

Received for Record January 21, 1997     at 3:23 P. M. Attest _Dailey Carey_
Town Clerk.

I CERTIFY THIS TO BE A TRUE COPY OF A DOCUMENT RECORDED IN THE HARTFORD LAND RECORDS. RECEIVED FOR RECORD JANUARY 21, 1997 AT 3:23 P.M.

DEPUTY ASST. TOWN CLERK





EXHIBIT

Ainsworth P
5/14/08

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STEVE ATUAHENE,         :     Case No. 3:01-CV-2269(AWT)
      Plaintiff,       :
                     :
vs.                 :
                     :
THE CITY OF HARTFORD    :
      Defendant.     :

## AFFIDAVIT OF NANCY AINSWORTH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1.    I am over the age of eighteen years and believe in the obligations of an oath.

2.    I am the Tax Investigator Supervisor for the City of Hartford and as such I am familiar with the City of Hartford's tax records, land records, the collection of taxes due and owing the City of Hartford, and with the matters described herein.

3.    On or about October 30, 1992, Steve Atuahene purchased from Charles J. Ayers certain property known as 5 Mannz Street, Hartford, Connecticut for the sum of $159,722.00. This transaction is reflected in a certain Warranty Deed recorded in volume 3310 at page 94 of the Hartford Land Records.

4.    By Indenture dated December 15, 1993, and recorded on the Hartford Land Records on April 18, 1994 in volume 3470 at page 44, Steve Atuahene deeded a 15% interest in 5 Mannz Street to Information Management Group, Inc., a 10% interest to F.A. Properties Corporation, with Mr. Atuahene retaining the remaining 75% interest.

5.     Attached to Defendant City of Hartford's Local Rule 9(c)(1) Statement of Material Facts and Support of Motion for Summary Judgment is Exhibit 5 which is a true and correct copy of the City of Hartford Tax Collector's Demand dated February 11, 1998 regarding 5 Mannz Street, Hartford, Connecticut. The City's business records reflect that on or about February 11, 1998, the said City of Hartford Tax Collector's Demand regarding 5 Mannz Street, was mailed to "Information Management Group, c/o F.A. Properties Company, 1650 Roselyn Street, Philadelphia, PA 19141."

6.     The City of Hartford's business records reflect a return address receipt from United States Postal Service indicating that Agnes Atuahene signed for and received the February 11, 1998 Tax Collector's Demand described above.

7.     Between July 1, 1994-June 30, 1995, the City of Hartford sent all notices regarding 5 Mannz Street to "Steve Atuahene, c/o F.A. Properties Company, 1650 Roselyn Street, Philadelphia, PA 19141." Between July 1, 1995-June 30, 1997, the City of Hartford sent all notices regarding 5 Mannz Street to "Information Management Group, 1650 Roselyn Street, Philadelphia, PA 19141." Between July 1, 1997-June 30, 2001, the City of Hartford sent all notices regarding 5 Mannz Street to "Information Management Group, c/o F.A. Properties Company, 1650 Roselyn Street, Philadelphia, PA 19141."

8.     The decision as to where tax bills are to be sent is based upon the agreement of the co-owners. Co-owners are free to contact the City of Hartford to request their bills be sent

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

to a different address. In the absence of any specific request, the City of Hartford uses the address provided on the conveyance form filed with the Town Clerk's office or the grantee's address provided in the deed.

9.    The City of Hartford's business records reflect that Michele Caponetto, aka Michael Caponetto, owns and operates Precision Foreign Car Service located at 385 hersfield Avenue, Hartford, Connecticut. Precision Foreign Car Service is a corporation and Michael Caponetto is president according to assessment records. 385 Wethersfield Avenue is located adjacent to and abuts 5 Mannz Street, Hartford, Connecticut.

10.    Sometime prior to June 30, 1998, Michele Caponetto approached the City of Hartford and made inquiry about purchasing the outstanding tax liens recorded against 5 Mannz Street, Hartford, Connecticut.

11.    On or about June 30, 1998, Caponetto Enterprises, LLC purchased from Defendant Hartford tax liens recorded against 5 Mannz Street for the years 1991 through 1996. These liens purchased by Caponetto Enterprises, LLC totaled approximately $24,524.71.

12.    At all relevant times, Atuahene was, and continues to be, a co-owner of record of 5 Mannz Street.

13.    5 Mannz Street is a boarded up, unoccupied building. Given the condition of this building, as well as the fact that no taxes had been paid on it for a period of approximately 6 years, it was considered a good candidate for a tax lien sale.

3

14.    The policy behind the sale of tax liens is to encourage the return of real property from a non tax paying status to a tax paying status and a return of the property to an improved condition. Before a person can purchase a tax lien, the City of Hartford requires the intended purchaser to submit either a developer's profile or a description of their intended use of the property after the liens have been foreclosed upon. When the City of Hartford sells the liens recorded against property; it is up to the purchaser of the liens to take whatever steps they deem necessary to collect amounts owed.

I hereby swear that the foregoing is true and correct.

Nancy Ainsworth
Tax Investigator Supervisor for the
City of Hartford

Subscribed and sworn to before me this 29th day of April, 2003.

Edward C. Taiman, Jr.
Commissioner of the Superior Court

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 29th day of April, 2003 to the following:

Mr. Steve Atuahene
7000 Woodbine Avenue
Philadelphia, PA 19151

Edward C. Taiman, Jr.

5

Volume  3470  Page   №   44

Fee Simple Deed No. 752-6

Printed for and Sold by John C. Clark Co... 1326 Walnut St., Phila.

# This Indenture Made the 15th day of

DECEMBER in the year of our Lord one thousand nine hundred and ninety-three (1993)

## Between STEVE ATUAHENE

(hereinafter called the Grantor ), of the one part, and

INFORMATION MANAGEMENT GROUP INC., A DELAWARE CORPORATION (15% interest),
F.A. PROPERTIES CORPORATION, A PENNSYLVANIA CORPORATION (10% interest) and
STEVE ATUAHENE (75% interest).

## Witnesseth That the said Grantor

(hereinafter called the Grantee ), of the other part,
STEVE ATUAHENE

for and in consideration of the sum of

ONE DOLLAR ($1.00)
money of the United States of America, unto  him     well and truly paid by the said Grantees,   lawful
at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged,  hath
granted, bargained and sold, released and confirmed, and by these presents  doth  grant, bargain and
sell, release and confirm unto the said Grantee  their  heirs and assigns,

ALL THAT CERTAIN LOT OR PIECE OF GROUND MORE FULLY DESCRIBED IN

EXHIBIT "A" ATTACHED TO AND MADE A PART THEREOF.

ADDRESS: 5 MANNZ STREET
          HARTFORD, CT  06114

NO CONVEYANCE TAX COLLECTED

*Dil M. Carey*

TOWN CLERK OF HARTFORD

EXHIBIT

Ainsworth S
5/14/03    81

DEFENDANT'S
EXHIBIT

Atuahene 4
11/14/02

Volume  3470  Page  № 45

A certain piece or parcel of land, together with the buildings and improvements thereon, situated on the southerly side of Mannz Street, and known as No. 5 Mannz Street, more particularly bounded and described as follows:

NORTHERLY        on Mannz Street, about one hundred twelve (112) feet;

EASTERLY         by lands now or formerly of Frances J. Martin, Lester
                 W. Harrington and Daniel J. Harrington, partly by each,
                 in all about one hundred twenty (120) feet;

SOUTHERLY        by land now or formerly of John E. Ayers, about one
                 hundred five (105) feet; and

WESTERLY         by land now or formerly of Harold W. Kittredge, about
                 one hundred twenty (120) feet.

Being the same premises conveyed to Charles J. Ayers by deed of Alice Ayers dated December 27, 1977 and recorded in Volume 1608 at page 271 of the Hartford Land Records.

EXHIBIT A

PRINT OF THE ORIGINAL PERMANENT FORM
DANIEL M. CAREY
TOWN CLERK

**Volume 3470 Page №  46**

**Together** with all and singular the   building and
improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties,
privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises
belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits
thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of

him                          the said grantor , as well at law as in equity, of, in, and to the same.

**To have and to hold** the said lot  or piece  of ground described  herein
and attached as exhibit "A"                                      hereditaments
and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the
said Grantees,  their          heirs and assigns, to and for the only proper use and behoof of the said
Grantees,  their        heirs and assigns forever.

**And** the said Grantor , STEVE ATUAHENE, his                          heirs,

executors and administrators do              covenant, promise and agree, to and with the said Grantees ,
their      heirs and assigns, by these presents, that          the said Grantor      and   his
heirs, all and singular the hereditaments and premises hereby granted or mentioned and intended so to
be, with the appurtenances, unto the said Grantee s,  their   heirs and assigns, against  him
the said Grantor and   his heirs, and against all and every person and persons whomsoever law-
fully claiming or to claim the same or any part thereof, by, from or under    them
or any of them, shall and will

WARRANT and forever DEFEND.

**In Witness Whereof**, the part undersigned, STEVE ATUAHENE,          hereunto set
his        hand  and seal . Dated the day and year first above written.

**Sealed and Delivered**
IN THE PRESENCE OF US:

_Steve Atuahene_   (SEAL)

(SEAL)

(SEAL)

Volume  3470  Page   № 47

Commonwealth of Pennsylvania
County of *Philadelphia*                    } ss:

On this, the *13* day of *April*, 19*94*, before me, a Notary Public for the Commonwealth of Pennsylvania, residing in the *City of Philadelphia* the undersigned Officer,

personally appeared *Steve Atuahene*

known to me (satisfactorily proven) to be the person whose name is (are) subscribed to the within instrument, and acknowledged that  he  executed the same for the purposes therein contained.

I hereunto set my hand and official seal.

Notary Public

NOTARIAL SEAL
AMY R. BEKOFF, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 11, 1997

**Deed**

STEVE ATUAHENE

TO

INFORMATION MANAGEMENT
GROUP INC.,

F.A. PROPERTIES CORPORATION,

AND

STEVE ATUAHENE

John C. Clark Co., Phila.   1335

1993

PREMISES:

.5 MANNZ STREET
HARTFORD, CONNECTICUT
06114

The address of the above-named Grantee
is  7000 Woodbine Avenue
  Philadelphia, PA  19151
On behalf of the Grantee

Received for Record *April 18, 1994* at *9:56* A. M. Attest *Neil M Carey*
Town Clerk.



CITY OF HARTFORD—C.I.D.
550 MAIN ST.
HARTFORD, CT 06103



CERTIFIED

P 601 167 270

PHILA. PA 19141-9998

RE: 5 MINUTES ST.
INFORMATION MANAGEMENT GROUP
C/O F.A. PROPERTIES COMPANY
1650 ROSELYN ST.
PHILADELPHIA, PA 19141

NAME
1st Notice NOV 1 9 1997
2nd Notice
Return DEC 0 1 1997

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Re: 5 MANNZ ST
INFORMATION MANAGEMENT GROUP
C/O F.A. PROPERTIES COMPANY
1650 ROSELYN ST.
PHILADELPHIA, PA 19141

4a. Article Number
P 606 167 760

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994          Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Fold at line over top of envelope to the right of the return address

Thank you for using Return Receipt Service.

P 606 167 760

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

RE: 5 MANNZ ST
INFORMATION MANAGEMENT GROUP
C/O F.A.PROPERTIES COMPANY
1650 ROSELYN ST.
PHILADELPHIA, PA 19141

| | Certified Fee | |
|---|---|---|
| | Special Delivery Fee | |
| | Restricted Delivery Fee | |
| | Return Receipt Showing to Whom & Date Delivered | |
| | Return Receipt Showing to Whom, Date, & Addressee's Address | |
| | TOTAL Postage & Fees | $ |
| | Postmark or Date | |

PS Form 3800, April 1995