# City of Hartford

*Memodum*

*last pymt 10/30/92*
*no contact*

**Tax Collection Division**
550 Main Street
Hartford, Connecticut 06103
(860) 543-8565

November 13, 1997

INFORMATION MANAGEMENT GROUP
C/O F.A.PROPERTIES COMPANY
1650 ROSELYN ST.
PHILADELPHIA, PA. 19141

## TAX COLLECTOR'S DEMAND

*Re:5 MANNZ ST*

In compliance with the law of the State of Connecticut, payment is herewith demanded for the taxes due me as Tax Collector for the City of Hartford, in the amount of $     21,503.86, including interest and fees if any are due.

Your failure to pay this account within **TEN DAYS** will make it the duty of the Collector to take legal proceedings as follows:

1. Levy on any of your taxable goods (including motor vehicles) and dispose and sell them in the manner provided in Section 12-162, subject to provisions of Section 52-352(b) subsection (j).

    or

2. Enforce by levy and sale the real estate for said taxes, **OR** levy upon and sell the tax liens of said real estate to a third party investor as per the General Statutes of Connecticut, Sections 12-157, including P.A. 97-139 and 12-195(h).

    or

3. Make demand upon the main office of any banking institution or credit union and seize assets in savings and checking accounts, subject to the provisions of section 52-367(a), as amended by section 1 of Public Act 81-352, or section 2 of Public Act 81-352.

    or

4. Garnish your wages in accordance with Section 52-361(a).

    or

5. Petition to the court or judge, for appointment of a receiver of the rents or payments for use and occupancy in accordance with Public Act 95-353.

William L. Donlin, Tax Collector

**Above amount due is good through November 30, 1997. This demand must be complied with by 4:30 PM, November 28, 1997 at the Office of the Tax Collector, 550 Main Street, Hartford, Connecticut 06103, Telephone # (860) 543-8565.**



# CITY OF HARTFORD



**Department of Finance**
Tax Collection Division
**550 Main Street, Room 103**
Hartford, Connecticut 06103

May 26, 1998

Information Management Group
c/o F.A. Properties Company
1650 Roselyn Street
Philadelphia, PA 19141

Re:    5 Mannz Street

Dear Sir or Madam,

The City of Hartford has received an offer from an entity interested in purchasing the delinquent tax liens on the above referenced property. According to our records the amount due is $24,261.62 plus a lien fee of $24.00 on the 1991-1996 Grand Lists.

At this time we are demanding payment in full of the 1991-1996 Grand Lists, in the amount of $24,261.62 plus a lien fee of $24.00 by June 9, 1998. In the absence of payment in full please be advised that we will consider the sale of your liens to this interested third party.

Sincerely,

William L. Donlin
Tax Collector

Z 242 522 227

US Postal Service
**Receipt for Certified Mail**

*Information Management Group*
*c/o F.A. Properties Company*
*1650 Roselyn Street*
*Philadelphia, PA 19141*

WLD/jic

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

CITY OF HARTFORD—C.D.
550 MAIN ST.
HARTFORD, CT 06103

CERTIFIED

Z 242 522 22

MAIL

UNCLAIMED
LCCAL STATION
PHILA., PA 19141-9998

RETURN
TO
SENDER

Information Management Group
c/o F.A. Pocci Price Company
1650 Glenlyn Street
Philadelphia, PA 19141

#300

JUN 12 1998

```
List No. 0017831       Real Estate                     Tax Year : 1997
Trans.No. 00010    Interest Date:  5/25/01         List Type :    R
District : 000     Receipt Date:   5/25/01         Time :  12:06:52
------------------------------------------------------------------------
Principal Paid:_____   ¦ Name: INFORMATION MANAGEMENT GROUP
Interest Paid : _____    ¦       C/O F A PROPERTIES COMPANY
Penalty Paid  : _____    ¦ Addr: 1650 ROSELYN ST_____
Lien Paid     :    _____      ¦      _____
Interest Due  :       708.62    ¦      PHILADELPHIA PA 19141_____
                                ¦ Prop: 00005 MANNZ ST_____
Payment Type  :__ 1=Cash 2=Check¦ PR YR LN SOLD 98/99   284  L
Check Number  :_____      ¦ 24.00  Lien Is Due
Comment: _____ ¦ Balance Due  :       1629.00
Adj.Cd.(A orR):__  Tcode:___    ¦ Total Tax Due :      2172.01
Src/Batch__ _____  Seqno_____ ¦ 1st/2nd:      543.01        543.00
     *** I N Q U I R Y **        ¦ 3rd/4th:      543.00        543.00
Asses     63210  Exem           ¦
             Net       63210    ¦
Ck 2 = Duplicate Bill           ¦
Ck 5 = Return To Main Screen    ¦
Ck 6 = Return To Search Screen  ¦ PAYMENT DUE   :       2361.62
                                ¦ Total Received:        543.01 __
Ck 9 = Payment History          ¦ Bill Dt: 7/01/1998 Last Pd: 7/13/1998
           Copyright 1990 by Reudgen & Johnson, Inc.
```

```
List ...            ...Real ... ...             ...List Year  : 1999
Trans.No. 00010      Interest Date:  5/25/01        List Type :    R
District : 000       Receipt Date:  5/25/01         Time :  12:07:38
------------------------------------------------------------------------
Principal Paid:_____  ¦ Name: INFORMATION MANAGEME
Interest Paid :  _____   ¦       C/O F A PROPERTIES
Penalty Paid  :  _____   ¦ Addr: 1650 ROSELYN ST
Lien Paid     :                 ¦      _____
Interest Due  :        174.48   ¦      PHILADELPHIA PA 19141
                                ¦ Prop: 00005 MANNZ ST
Payment Type  :__ 1=Cash 2=Check¦ PR YR LN SOLD 98/99  284
Check Number  :_____     ¦ ***ALERT - Other Taxes Are Due  ***
Comment:  _____     ¦ Balance Due  :       1789.59
Adj.Cd.(A orR):___  Tcode:___   ¦ Total Tax Due :      1789.59
Src/Batch__ _____  Seqno_____ ¦ 1st/2nd:        447.42        447.39
      *** I N Q U I R Y **       ¦ 3rd/4th:        447.39        447.39
Asses    33110  Exem            ¦
            Net      33110      ¦
Ck 2 = Duplicate Bill           ¦
Ck 5 = Return To Main Screen    ¦
Ck 6 = Return To Search Screen  ¦ PAYMENT DUE   :      1964.07
                                ¦ Total Received:          .00  __
Ck 9 = Payment History          ¦ Bill Dt: 7/01/2000 Last Pd:
              Copyright 1990 by Reudgen & Johnson, Inc.
```



CITY OF HARTFORD - C.D.
550 MAIN ST.
HARTFORD, CT 06103

RETURN TO SENDER
UNCLAIMED

CERTIFIED MAIL

7000 1530 0001 7939 8917

LEAD PCBs
have your ch...



RE:
5 MANNZ ST
INFORMATION MANAGEMENT
C/O F A PROPERTIES
1650 ROSELYN ST
PHILADELPHIA, PA 19141



HARTFORD CT 061
PM
2001

JAN 1-8
JAN 2 - 2001
JAN 27 2001



sent by reg. mail
2/22/01

PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF RETURN ADDRESS.
FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**5 MANNZ ST**
INFORMATION MANAGEMENT
C/O FM PROPERTIES
165 W ROSELYN ST
PHILADELPHIA, PA 19141

2. Article Number (Copy from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below.         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Return Receipt                        102595-99-M-1789



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

Postmark Here

*Sent*
*Street,*
*City, S*

**5 MANNZ ST**
**INFORMATION MANAGEMENT**
**C/O F A PROPERTIES**
**1650 ROSELYN ST**
**PHILADELPHIA, PA 19141**

PS Form 3800, May 2000                    See Reverse for Instructions

7000 1530 0001 7939 8917

# City of Hartford

**Tax Collection Division**
550 Main Street
Hartford, Connecticut 06103
(860) 543-8565

*97/98/99 - 17831*
*last pymt 7/13/98.*
*warehouse*
*nw 47,300.*

January 10, 2001

INFORMATION MANAGEMENT
C/O F A PROPERTIES
1650 ROSELYN ST
PHILADELPHIA, PA 19141

*prev. yrs. liens sold*
*what happened ?*

*more liens sold 10/23/01*

**TAX COLLECTOR'S DEMAND**

*Re: 5 MANNZ ST*

In compliance with the law of the State of Connecticut, payment is herewith demanded for the taxes due me as Tax Collector for the City of Hartford, in the amount of **$6314.69**, including interest and fees if any are due.

Your failure to pay this account by **January 31, 2001** will make it the duty of the Collector to take legal proceedings as follows:

1. Levy on any of your taxable goods (including motor vehicles) and dispose and sell them in the manner provided in Section 12-162, subject to provisions of Section 52-352(b) subsection (j).
   *or*
2. **Enforce by levy and sale the real estate for said taxes, OR levy upon and sell the tax liens of said real estate to a third party investor as per the General Statutes of Connecticut, Sections 12-157 including P.A. 97-139 and 12-195(h).**
   *or*
3. Make demand upon the main office of any banking institution or credit union and seize assets in savings and checking accounts, subject to the provisions of section 52-367(a), as amended by section 1 of Public Act 81-352, or section 2 of Public Act 81-352.
   *or*
4. Garnish your wages in accordance with Section 52-361(a).
   *or*
5. **Petition to the court or judge, for appointment of a receiver of the rents or payments for use and occupancy in accordance with Public Act 95-353.**

*William L. Donlin*

William L. Donlin, Tax Collector

**Above amount due is good through January 31, 2001. <u>This demand must be complied with by 4:30 PM, January 31, 2001 at the Office of the Tax Collector, 550 Main Street, Hartford, Connecticut 06103.</u> If you need to speak with someone about your account you must call for an appointment at (860) 543-8565.**

*5 MANNZ ST.*



1. DEFENDANT'S ACTS AND/OR INACTIONS CONSTITUTE INVERSE CONDEMNATION TO WHICH JUST COMPENSATION IS CONSTITUTIONALLY MANDATED

a. The Requirement and Procedure For Inverse Condemnation is Different from That of Eminent Domain.

Inverse condemnation is the doctrine asserted by landowners in actions initiated by them, instead of being an action initiated by a taking authority that had the right of eminent domain but did not exercise it. It is based on the constitutional proscription forbidding the taking of private property without just compensation. Citino v. Redevlop. Agency of Hartford, 721 A.2d 1197 (Conn. App. 1998).

According to Citino Court, quoting Bauer Waste Management of Connecticut, Inc. 234 Conn. 221, 249 n. 15, 662 A.2d 1179 (1995), "Inverse condemnation should be distinguished from eminent domain. Eminent domain refers to a legal proceeding in which a government asserts its authority to condemn property. Inverse condemnation is a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted".

For inverse condemnation to occur, property does not have to be appropriated by

governmental action to the extent that no
value remains. It is sufficient if the us
of the property is severely restricted
and its profitability greatly reduced as
result of the action of the government. See
Laurel Inc v. Commissioner of Transportation
180 Conn. 11, 46, 428 A.2d 789 (1980). In the
case the City of Hartford in concert with
Laponetto sold Atuahere's property to
Laponetto Enterprises LLC under the disguise
of tax lien sale. Laponetto thereafter seiz
subject property and had been using it for
his business operations and expansion since
June 1998. Laponetto's deposition at para.
(EXHIBIT        ) and Atuahere deposition at
para        EXHIBIT and Atuahere's affidavit.
para        .

    The Citino Court concluded that
inverse condemnation is not precluded wher
the property involved has not been strippe
of all physical use for a purpose permitte
by zoning. In this case after seizing
Atuahere's property said property had
tremendously been destroyed. Laponetto's
own appraiser certified recently that
Atuahere's property had been totally
destroyed with no economic value (EXHIBIT
Even the City of Hartford's own appraisers
has stated that the subject property had
lost about 70% of its value since Laponett
and the City of Hartford's taking. (EXHIBIT
This case therefore comes within the definition of Inverse condem

b. #. City of Hartford's Tax Lien Sale Policy
Constitutes Inverse Condemnation.

Caponetto seized Atnahene's
property based on his understanding of the
whole transaction. It was made clear to
him that by purchasing tax liens he
could own Atnahene's property and
develop it for the expansion of his
business. The tax lien Sale Policy is very
clear. It was intended to sell alleged
delinquent properties to developers who
can improve said properties. A review
of said Tax Lien Sale Policy will make
clear the intended purpose.

In her affidavit in support of the
City of Hartford's Motion for Summary
Judgment Nancy Ainsworth, the Tax
Investigator Supervisor for the City of Hartford
affirmed and sworn to the following
statement :

" The policy behind the sale of tax liens
is to encourage the return of real
property from a non tax paying status
to a tax paying status and a return
of the property to an improved condition
Before a person can purchase a tax
lien, the City of Hartford requires the
intended purchaser to submit either a
developer's profile or a description of
their intended use of the property."

25.

EXHIBIT C

The Developer's Profile of the City of Hartford attached herein as EXHIBIT 1 among other things demands demonstration, by buyers of alleged tax lien, of "experience" in developing projects of similar scale and complexity including a) Name and location of project, b) Type of project, c) Size of project, d) Date of completion, e) Finances and f) Role of developer in securing local approvals and permits, financing package construction oversight and requisition, design consultation etc. Clearly it demonstrates that the City of Hartford was indirectly selling liened properties regardless of the term used or the disguise under which it is framed.

In his application to the City of Hartford to acquire alleged tax lien and to satisfy the defined policy goals of the City of Hartford Lupanetto, the Project Sponsor, wrote:

"Project...contains a building that has essentially been abandoned. The Project Sponsor would like to acquire and rehabilitate both the building and the property which is in the state of disrepair and an unsightly blight on the neighborhood. After acquisition, Sponsor will make repair to the roof, wall and windows of the building and install a new electrical system....After rehabilitation, Sponsor intends to use the

building as an accessory to his existing automobile repair business as a warehouse for the inside storage of automobiles under repair and parts and equipment.

EXHIBIT A

In his affidavit and deposition, Michele Laporetto reveals his motivation and the process he went through to meet those objectives.

Attorney Taiman: What was your primary purpose in buying the liens? What was your overall goal?

Michele Laporetto: My purpose is because it's abandoned, to clean it up, clean it up because it's got a lot of trash, a lot of people who dump stuff, and it's bad for my business, which the customer come over. The purpose was just to clean it up and make it respectable.

Laporetto deposition at pages 13-14.

Atwatere: If I hear you correctly, the reason you bought the property was to clean the place, to protect your property.

Michele Laporetto: Yes

Atwatere: Since you bought the lien, have you cleaned the place to protect your property? Yes or no.

Michele Laporetto: No.
Laporetto deposition at pages 26.

Atwatere : You went to the City and told them that you wanted to protect the proper and put a fence around the property; is that correct

Michele Caponetto: Yes

Atwatere : Have you put the fence on the property ?

Michele Caponetto: No.
Caponetto deposition at page 40-41.

In his affidavit attached to his Motion for Summary Judgment and/to Dismiss Case Michele Caponetto affirmed and sworn to the following statement:

" 6. After several complaints to the authori of the City of Hartford, I was advised that I could purchase the tax liens on this property and thereby become it owner, in which event I would be able to improve the property.

7. Upon the advice and the assistance of my attorney, Valdis Vinkels, I prepare the appropriate application setting forth my plans to improve this property and with it the neighborhood." ~~and such thing wear~~

(EXHIBIT H . )

Clearly the policy of the City of Hartford was to find developers who can acquired tax liened property and improve them to increase taxable revenue. Mr Laponetto's intent was to acquire a property that strategically can be used to expand his business without the cost of moving to another area within which could cost more than what he could pay for Atwatere's property. Laponetto and the City of Hartford has mutually beneficial objective. Consequently, he contacted all political and administrative leaders of the City of Hartford and being a white person was an extra incentive. The policy and goal of the City of Hartford may be admirable. It's no different from acquiring a piece of land to build a school or municipal building. But as Justice Holmes noted, "even a strong public desire to improve the public condition, as in this case, is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change" Pennsylvania Coal Co v. Mahon, 260 U.S. 393, 416, 43 S Ct 158, 160, 67 L. Ed. 322, 326 (1922).

The City of Hartford gave Atwatere's property to Laponetto not because he could pay the amount of the lien but because he would develop it to bring more tax dollars and to "improve the public condition" as Justice Holmes put. In this sense said tax lien sale constitutes inverse condemnation.

c 1. The Standard of Proof in Inverse
Condemnation Case is that of
Product Liability and Not Fault
or Lack of Reasonable Care,
Essential to the Tort of Negligence.

In its memorandum of Law in
support of its motion for summary judgment the
City of Hartford characterized Atwahene's
Civil Action Complaint as "much ado about
nothing." In support of this conclusion the City
of Hartford, inter alia, stated: "This case
is nothing more than a prime example
of Atwahene's misunderstanding, or mis-
comprehension of the law and facts." The
City of Hartford often consider Blacks
especially Blackmen as second class citizen
and belittle them in any way it can, or
attorney Taiman's characterization of this
case is instructive and not a surprise
Atwahene. This explains the so many civil rights
law suits filed against the City of Hartford (EXHIBIT 6

The City of Hartford even chides
Atwahene that his property "is presently a
boarded up, unoccupied building." It states
further that "Atwahene can point to no facts
which would tend to support the propositio
that he has been deprived of the beneficia
use of 5 Mannz Street" and that "Hartfor
has done nothing which would prevent Atwa
from using or enjoying the property," and
"he is still free to dispose of it to any
interested buyer. 5 Mannz Street is an

abandoned, neglected building." What the City of Hartford failed to disclose to the court is that a) Laponetto admitted in a deposition that he is using 5 Mannz Street for his business and has been using subject property since June 1998. Also Laponetto has put a "lis pendus" on said property to affect the title of 5 Mannz Street. In a jungle Atuahene would take his gun and kick Laponetto off the property which would have many criminal action implication. Fortunately, we live in a constitutional democracy where the rule of law defines our jurisprudence and not the law of the jungle. Therefore, Atuahene would not stoop to that level. Our civil rights mandate and the just compensation clause of U.S. Constitution and its equivalent in the State Constitution provides such relief. Hence instant Civil Action.

At this juncture it is appropriate to identify and discuss what is the standard of proof needed to establish excistence of an inverse condemnation as in this case. The Supreme Court of New Jersey provides some road map. In Greenway Dev. Co. Inc v. Paramus, 750 A.2d 764 (N.J. 2000) New Jersey Supreme Court, inter alia, stated:

"Inverse condemnation is similar to a products liability manufacturing defect case in that the plaintiff in both types of case is not required to prove fault."



written demand for such tax, postage prepaid addressed to such person at his last-known place of residence.

After alleged tax assessment and before alleged liens were sold City Defendant was required to serve a notice to Atuahene pursuance to Title 12 Section 12-155 at his residence at 7000 WOODBINE AVENUE, PHILADELPHIA, PENNSYLVANIA 19151. Title 12 Section 12-155 is to be strictly enforced. In the only deposition allowed by City Defendant, even though more people were requested and noticed, Nancy Ainsworth, the City Tax Collectors Supervisor admitted that the City, Defendant failed to comply with the mandate of Title 12 Section 12-155. Relevant portion of the deposition follows:

ATUAHENE : You never sent anything to Steve Atuahene, 7000 Woodbine Avenue Philadelphia PA 19151?

AINSWORTH : ... that's correct.

ATUAHENE : Do you have any of the grantee's addresses provided for this property here?

AINSWORTH : It appears in the original deed filed at the clerk's office

ATUAHENE : What was the grantee's address?

AINSWORTH : F.A. Investment Group Incorporated, 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151

ATUAHENE : Did you at any time send a tax bill to this address?

AINSWORTH : Yes. On the 2001 grand list, the address is 7000 Woodbine Avenue, Philadelphia, Pennsylvania 19151

ATUAHENE : So except 2001, you never sent any tax collection letter or notices to the ~~address~~ 7000 Woodbine Avenue address?

AINSWORTH : That's correct.

Ainsworth deposition pages 50-53.

The City of Hartford without any doubt failed to comply with title 12 section 12-155. There was no valid and legal tax liens. The alleged tax liens sale to Caponette amounts to constitutional deprivation of Atuahene's property and property rights. Atuahene's constitutional due process was violated. The sale was a conspiracy among all white ~~group~~ who illegally seized a black man's ~~property~~ and gave it to a white business man. These actions were within the perview of the Civil Rights mandate. The State's Eminent Domain Law is implicated. Hence instant action.