UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVE ATUAHENE,<br>    Plaintiff, | :   Case No. 3:01-CV-2269(AWT)<br>:<br>: |
| vs. | :<br>: |
| THE CITY OF HARTFORD<br>    Defendant. | :   JULY 18, 2006<br>: |

**DEFENDANT CITY OF HARTFORD'S OBJECTION TO**
**MOTION FOR RECONSIDERATION**

The Defendant, City of Hartford ("Hartford") hereby objects to the Motion for Reconsideration (the "Motion") filed by the Plaintiff, Steve Atuahene ("Atuahene"), and in support thereof states the following:

Atuahene's Motion for Reconsideration should be denied because it fails to sustain the heavy burden placed upon such motions by our Local Rules for Civil Procedure, our Federal Rules of Civil Procedure, and case law.

Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut is entitled "Motions for Reconsideration." It states as follows:

> Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

The language of Local Rule 7(c)(1) is clear. The proponent of a motion for reconsideration much concisely state "the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

Although our Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration, such motions are treated typically as motions to alter or amend a judgment under Rule 59(e) assuming they are filed within ten days of the entry of the judgment or decision complained of. Said Rule is entitled "Motion to Alter or Amend Judgment" and provides that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Courts that have had the occasion to construe properly filed motions for reconsideration agree that "the standard for granting a motion for reconsideration is strict." Scott v. Town of Monroe, 2004 WL 547202 at 1 (D.CT).

> Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Thus, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.

Scott v. Town of Monroe at 1. (internal quotations and citations omitted).

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

A motion for reconsideration does not provide a party with the opportunity for a "second bite of the apple." See, Sequa Corp. v. GBJ Corp., 156 F.3d 136 (2nd Cir. 1998). Nor is it "properly grounded on a request that the court rethink a decision it has already made." Peterson v. Brennan, 2004 WL 1505253 at pg. 7 (E.D.PA.).

In the case before this bar, Atuahene's Motion for Reconsideration is nothing more than calculated attempt to have this court revisit and rehash all of Atuhene's arguments which were ultimately decided against him in this Court's March 3, 2006 Ruling on Motion for Summary Judgment. Atuahene has pointed to no new case or controlling decision that this court overlooked when it ruled against him in connection with Hartford's Motion for Summary Judgment.

Atuahene's primary point of contention is that the "City of Hartford failed to provide requisite notice reasonably calculated to apprise Atuahene of the pendency of the action and did not afford him an opportunity to present his objections." Motion at 4. This appears to be the basis for his claims. However, his argument that the address to which tax notices were sent (1650 Roselyn Street) is a thirty-seven unit apartment building is neither persuasive nor does it rise to the level of newly discovered evidence. Rather, Atuahene is using the Motion as a vehicle to reargue all of the very same material previously covered by the parties and this court in the underlying motion for summary judgment. The notices sent by Hartford were

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

*reasonably calculated* to apprise Atuahene that taxes were due and owing. This court's finding on the issue of notice was not a manifest error of law or fact. The subject property (5 Mannz Street) was co-owned by multiple parties and the tax notices were mailed to the address provided to Hartford in the tax conveyance form. That Hartford sent its tax notices to that address should come as no surprise to Atuahene. If Atuahene wanted the notices sent elsewhere, he should have informed Hartford of the same.

Nor does the alleged fact that 5 Mannz Street was recently re-zoned upon the application of Michele Caponetto constitute new evidence. Even assuming the property was re-zoned after application by Mr. Caponetto, this in and of itself does not change or alter the factual and legal landscape of this case. The zoning reclassification is meaningless.

## CONCLUSION

The motion provides little reason for this court to reconsider its original decision. It does not cite to either new evidence or overlooked decisions as required by our Local Rules and relevant caselaw. In actuality, it is nothing more than a re-argument of facts and law previously decided by this court. The motion fails the "second bite at the apple" test and should be denied.

4

DEFENDANT,
THE CITY OF HARTFORD,

By: _____
Edward C. Taiman, Jr.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103
(860) 541-2077
Fed. Bar No. 01319

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 18th day of July, 2006 to the following:

| | |
|---|---|
| Steve Atuahene | Valdis Vinkels, Esq. |
| 7000 Woodbine Avenue | 215 Main Street |
| Philadelphia, PA 19151 | Hartford, CT 06106 |

_____
Edward C. Taiman, Jr.

E:\WPDOCS\City of Hartford\Atuahene\Obj.Reconsideration.wpd

5