UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 AUG 21 A 10: 57
DISTRICT COURT

STEVE ATUAHENE :

v. : DOCKET NO. 3:01-CV-2269 (AWT)

CITY OF HARTFORD : AUGUST 21, 2006

PLAINTIFF'S MOTION TO STRIKE DEFENDANT CITY OF HARTFORD'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION.

Plaintiff Steve Atuahene hereby moves this Honorable Court to strike off Defendant City of Hartford's Objection to Motion for Reconsideration filed with this Court on July 18, 2006, and in support thereof states as follows:

The City of Hartford filed its Reply Brief to Atuahene's Motion for Reconsideration on July 18, 2006. Atuahene filed his Motion for Reconsideration timely on June 26, 2006. Connecticut Local Rules of Civil Procedure Rule 9(e) which governs Motion for Reconsideration requires said Motion to be filed within ten (10) days of the filing of the decision or order. Local Rule 9(b) which governs Motions for Extension of Time provides that "Motions for extension of time ... will not be granted except for good cause Local Rule 9(b)(2). Said motion may be granted ex parte notwithstanding a report of objection by opposing counsel. Opposing counsel may move within five (5) days of an order granting a motion of extension

1.-

of time to have the court set aside the order for good cause." In this instant case Plaintiff moved for extensions of time which was granted without objections from the defendants. Thereafter Atwahere filed its timely motion for reconsideration. Therefore Atwahere's motion for reconsideration was timely filed on June 26, 2006.

Defendant City of Hartford filed its objections to Atwahere's Motion For Reconsideration on July 18, 2006. According to Local Rule 9(g) which governs "Reply Briefs", "Reply Briefs must be filed within ten (10) days of the filing of responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6 Defendant's Objections was filed 22 days after Atwahere filed his Motion for Reconsideration. Said Motion objection was filed out of time.

Fed. R. Civ P. Rule 12(b) provides that; "Every defense, in law or fact, to a claim for relief ... shall be asserted in responsive pleading thereto if one is required, except that the following defenses may be at the option of the pleader be made by motion; (1) lack of jurisdiction over the subject matter..." In this instant case since City Defendant filed its Objection to Motion for Reconsideration out of time this court lacks subject matter jurisdiction to consider City Defendant's Objections.

Secondly, and more importantly pursuance to Fed. R. Civ P Rule 12(f) City defendants objections to Atwahere's motion for Reconsideration should be

2.

stricken off as a matter of law. Fed R. Civ P. Rule 12F in pertinent part provides:

"Upon motion made by a party before responding to a pleading the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In this case City defendant objection to Atuahene's Motion for Reconsideration should be stricken as insufficient defense, immaterial, impertinent or scandalous matter as the court lacks subject matter jurisdiction.

### CONCLUSION

Defendant City of Hartford is represented by an able and expensive legal team. This legal eagle is aware of the rules of civil procedure in and out. The Rules provides that they file any objection within ten 10 days from June 26, 2006 which was due on July 6, 2006. They chose to filed it on July 18, 2006 more than 12 days of due date. This provides the court with no room for consideration. The court simply has no jurisdiction to consider the City of Hartford's objections. However, if the court was to overrule instant motion, which it shouldn't Plaintiff under due process is entitle to be given an opportunity to file a response to the City's Objections.

For all the foregoing Plaintiff pray the court strike off City of Hartford's objections or in the alternative Atuahene be given the chance to response to said objection. respectfully submitted

II. IN THE ALTERNATIVE, MOTION FOR LEAVE OF COURT TO FILE PLAINTIFF'S RESPONSIVE PLEADING TO DEFENDANT CITY OF HARTFORD OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION.

Pro Se Plaintiff Steve Atuahene hereby moves this Honorable Court for Leave of Court to file a Responsive Pleading to the City of Hartford's Objection to Plaintiff Motion For Reconsideration if the Court decides Plaintiff's Motion to Strike off Defendant's Objection to his Motion for Reconsideration is not appropriate and in support of this motion states as follows:

1. Plaintiff filed his motion on June 26, 2006

2. Defendant filed its Objection on July 18, 2006.

3. Local Rule 9(g) requires that Defendants Objection be filed within 10 days.

4. Defendants objection having been filed out of time Plaintiff believes the proper response is motion to strike Defendants objection.

5. However, if the Court disagrees with Pro Se Plaintiff's legal conclusion due process requires that he should be allowed to file a responsive pleading

4.

## CONCLUSION

For all the foregoing reasons Pro Se Plaintiff prays that in the alternative to his motion to strike off the City of Hartford's objection if the court finds motion to strike is inappropriate to be given leave of court to file responsive pleading

Respectfully submitted

S.A.

STEVE ATUAHENE

5.

# CERTIFICATE OF SERVICE

I, hereby certify that a copy of within Motion To Strike City of Hartford's Objection to Motion for Reconsideration was sent via U.S Mail, postage prepaid today to the following

1. Edward L. Taiman Jr Esq
   SABIA & HARTLEY LLC
   190 Trumbull Street, Ste 202
   Hartford CT 06103

2. Valdis Vinkels Esq
   216 Main Street
   Hartford CT 06106-1881

DATED 8/19/06

SA.
STEVE ATUAHENE