UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
AUG 21 A 10: 57
DISTRICT COURT

STEVE ATUAHENE :

v. : DOCKET NO. 3:01-CV-2270(AWT)

CAPONETTO ENTERPRISES LLC
et al : AUGUST 21 2006

I. PLAINTIFFS MOTION TO STRIKE DEFENDANT CAPONETTO ENTERPRISES LLC et al's MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS FILED ON JULY 12, 2006.

Plaintiff Steve Atuahene hereby moves this Honorable Court to strike off Defendant Caponetto Enterprises LLC et al's Motions for Summary Judgment and To Dismiss under Rule 12(b) of Fed. R. Civ. P., and in support thereof states as follows:

FACTS

Plaintiff Steve Atuahene of Philadelphia, Pennsylvania, filed his Civil Action Complaint against Defendants Caponetto Enterprises LLC, Precision Foreign Cars Services and Valdis Vinkels, Esquire with this Court in December 5, 2001; and simultaneously, Plaintiff's also filed same action against the City of Hartford in the case captioned Atuahene v. City of Hartford

docketed as 3:01 CV 2269 (AWT). This Court in its own motion consolidated these cases.

Defendant City of Hartford raised issue with Plaintiff's pleading and as a result Atuahene amended said pleading. Thereafter City of Hartford ("City Defendant") filed its ANSWER and Defendant Caponetto Enterprises LLC et al (Defendant Caponetto) in April 25, 2002 filed with the Court their Motions for Summary Judgment and To Dismiss. Upon hearing and argument said motions were appropriately DENIED and accordingly Defendant Caponetto filed its ANSWER.

The Court issued a scheduling order and based on that discovery and Motions for Summary Judgment were filed by City Defendant and Atuahene Caponetto failed to file any Motion for Summary Judgment. The time for Motions for Summary Judgment and To Dismiss has long expired.

On March 2, 2006 this Court issued a "Ruling on Motion for Summary Judgment. The Order of March 2, 2006 essentially found for and against Defendant Caponetto. Relevant section of this order essentially stated:

"Judgment for (Summary Judgment) in favor of the City of Hartford shall enter with respect to all claims against it. The

2.

remaining claims in this case are those against Laponetto Enterprises LLC, Precision Foreign Car Service and Valdis Vinkels, which are set forth in the complaint dated December 5, 2001."

Atuahere who under the circumstances could not file his Motion for Reconsideration for various Motions for Enlargement/ Extension of time which the Court graciously granted. Consequently Atuahere filed his timely Motion For Reconsideration on June 26, 2006. No motion for Reconsideration was filed by the Defendant Laponetto.

On or around July 12, 2006 Laponetto instead filed two motions with this Court, namely, Motion for Summary Judgment and Motion To Dismiss Complaint, a repeat and rehash of its April 25, 2002 motions. Thereafter Atuahere filed Motion for Enlargement or Extension of Time To Respond to Laponetto's Motions. In August 1, 2006 the Court granted Atuahere's Motion for Extension. In granting said Motion the Court stated, inter alia,:" The plaintiff shall file an opposition to the defendants' motion to dismiss and motion for summary judgment by no later than September 4, 2006.

This Motion To Strike is in response to this Court order of August 1, 2006 and serve as opposition to Laponetto's Motions.

3

## LEGAL ANALYSIS

### CAPONETTO ENTERPRISES LLC et al MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS ARE MOTIONS FOR RECONSIDERATION AND SHOULD BE STRIKEN

In April 25, 2002 Defendant Caponetto Enterprises LLC et al filed Motion for Summary Judgment and Motion To Dismiss Complaint. On July 12, 2006 said Defendant file similar motions. The April 2002 motions were denied by this Court after hearing and argument. Defendants comes again with frivilous, redundant, immaterial and impertinent reasoning.

In the April 25, 2002's Motions the Defendants had the opportunity to reargue their case by filing Motions for Reconsideration. They failed to do so. They had another opportunity to do exactly that and failed to do so again. That opportunity came when the scheduling order provided parties the opportunity to file Motions for Summary Judgment and To Dismiss. Again they failed to do so. In fact they had the last and third chance to seek relief on March 2, 2006. On March 2, 2006 this Court issued adverse order against Defendants. Instead of filing motion for ~~Strike~~ Reconsideration they chose to file a new unwarranted Motion for Summary Judgment.

4.

Rule 7(c) of the Local Civil Rule of this court which governs Motions for Reconsideration in pertinent part states:

"Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which relief is sought..."

The court decision on April 25, 2002 motion is over three years ago so the Defendants had waived right of reconsideration. The Defendants had the opportunity to seek relief from this Court's March 2, 2006 decision and again failed to do so. Defendants having failed to seek relief under various procedural rules now come to this court with this frivolous motions. Hence Defendants Motions for Summary Judgment and To Dismiss should be stricken.

DEFENDANTS' MOTIONS SHOULD BE STRIKEN PURSUANCE TO FED. R. CIV. P. RULE 12(B).

Fed. R. Civ. P. 12(b) provides that

"Every defense to a claim for relief...shall be asserted in responsive pleading thereto if one is required except that the following defenses may be at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter..."

5.

In this instant case since Defendants failed to file their motions with the prescribed time according to the scheduling order and since in actuality these motions are motions for Reconsideration and since said motions for reconsideration were filed out of time this Court lack subject matter jurisdiction to consider Defendants pending motions.

Hence Defendants motions for Summary Judgment and To Dismiss Complaint should be striken off as a matter of law.

DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS SHOULD BE STRIKEN OFF PURSUANCE TO FED R. CIV. P. RULE 12(F)

Fed R. Civ. P. Rule 12(F) in pertinent part provides that:

"Upon motion made by a party before responding to a pleading the court may order striken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

Defendants motions for Summary Judgment which in actuality is a motion for Reconsideration having been filed out of time is an insufficient defense in this case or at best redundant,

6.

because such a relief was filed in April 25 2002, denied and no timely motion for reconsideration was filed. More importantly, when adverse finding was entered against Defendants in this court's order of March 2, 2006 they had the opportunity to seek relief under motion for Reconsideration and they failed to do so. And now come to this court with frivolous motions. These motions should be denied or stricken as matter of law.

With respect to Motion To Dismiss under Fed R. Civ P Rule 12(b)(1) and (2) here again Defendants motion is without merit. First said motion was filed on April 25, 2002 and the July 13, 2006 motion is predicated on the same issues previously decided on. For example Plaintiff invoked federal question jurisdiction under the Civil Rights mandate and diversity jurisdiction because Plaintiff is from Pennsylvania while Defendants are from Connecticut and the jurisdictional amount is exceeded because amount in dispute is over four hundred ($400,000) dollars instead of required $75,000. Here again it's clear Defendants motion to dismiss is frivolous.

7. As such Defendants motions should be stricken off.

## CONCLUSION

For all the foregoing reasons Pro Se Plaintiff prays this Court will strike off Defendants' Caponetto Enterprises LLC, Picasson Foreign Car Service and Valdis' Vinkels' pending Motion for Summary Judgment and Motion To Dismiss.

Respectfully submitted.

SA

STEVE ATUAHENE

II. IN THE ALTERNATIVE MOTION FOR LEAVE OF COURT TO FILE PLAINTIFFS RESPONSIVE PLEADING TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

Plaintiff hereby moves this Honorable Court for leave of Court to file Plaintiff's Responsive Pleading to Defendants Motion for Summary Judgment and Motion To Dismiss if the Court after review and consideration of both motions and Plaintiff's Motion to strike off said motion the Court finds that responsive pleading to Defendants motions are the appropriate procedure and in support thereof Plaintiff states as follows:

1. Plaintiff believes Defendants motions are frivolous and out of time.

2. Said motions had been ruled upon as a result of defendant April 25 2002 motions.

8.

3. On March 2, 2006 Order of this Court provided Defendants opportunity to seek relief.

4. Defendants represented by an able member of the bar of this Court failed to do so.

5. These motions are filed to harass Plaintiff and waste this Court valuable time.

6. Plaintiff therefore sincerely belief that Motion To Strike is the appropriate Response to these frivolous motions.

7. However, if this Court concludes that Defendants motions are appropriate then Pro Se Litigant under due process deserve the opportunity to submit his responsive pleading to Defendants Motions.

CONCLUSION

For all the foregoing and under constitutional due process if the Court decides Defendants motions are appropriate then Plaintiff pray the Court will provide leave to file his responsive pleading. Respectfully submitted

STEVE ATUAHENE

9.

CERTIFICATE OF SERVICE

I hereby certify that within motion has been served upon undernamed attorney via U.S. mail.

1. Valdis Vinkels Esq
   216 Main St
   Hartford CT 06106


2. Edward L Tauman Jr Esq
   190 Trumbull St, Ste 202
   Hartford CT 06103

DATED 8/19/6

10