**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
STEVE ATUAHENE,                :
                               :
     Plaintiff,                :
v.                             :  Civil No.3:01CV02269(AWT)
                               :     (MASTER CASE)
CITY OF HARTFORD,              :
                               :
         Defendant.            :
-------------------------------x
STEVE ATUAHENE,                :
                               :
     Plaintiff,                :
v.                             :  Civil No.3:01CV02270(AWT)
                               :     (MEMBER CASE)
CAPONETTO ENTERPRISES, LLC,    :
PRECISION FOREIGN CAR          :
SERVICE, and VALDIS VINKELS,   :
                               :
         Defendants.           :
-------------------------------x
```

### ENDORSEMENT ORDER

For the reasons set forth below, Plaintiff Steve Atuahene's Motion for Reconsideration of the Ruling on Summary Judgment (Doc. No. 80) is hereby DENIED.

In order to prevail on a motion for reconsideration, the moving party must set forth "controlling decisions or data that the court overlooked" that "might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). The plaintiff argues that the court made several errors of law in its Ruling on Motion for Summary Judgment. (Doc. No. 73.) However, the plaintiff fails to present any controlling decisions that the

court overlooked in granting summary judgment for defendant City of Hartford.  The plaintiff also contends that since the court issued its Ruling on Motion for Summary Judgment, defendant Caponetto Enterprises, LLC has applied for and received a change in the zoning of the property at 5 Mannz Street.  Although the plaintiff fails to describe the nature of the zoning change, he argues that the fact that the property has been re-zoned supports his claim that the City of Hartford effected a _de facto_ taking of his property.  Such evidence, if it had been presented to the court in connection with defendant City of Hartford's motion for summary judgment, would not have altered the court's conclusion with respect to that motion.

It is so ordered.

Dated this 23rd day of August 2006 at Hartford, Connecticut.

                                    /s/ (AWT)
                                 Alvin W. Thompson
                              United States District Judge