UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
STEVE ATUAHENE,                 :
                                :
     Plaintiff,                 :
v.                              : Civil No.3:01CV02269(AWT)
                                :     (MASTER CASE)
CITY OF HARTFORD,               :
                                :
        Defendant.              :
-------------------------------x
STEVE ATUAHENE,                 :
                                :
     Plaintiff,                 :
v.                              : Civil No.3:01CV02270(AWT)
                                :     (MEMBER CASE)
CAPONETTO ENTERPRISES, LLC,     :
PRECISION FOREIGN CAR           :
SERVICE, and VALDIS VINKELS,    :
                                :
        Defendants.             :
-------------------------------x
```

**RULING ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

The plaintiff, Steve Atuahene ("Atuahene"), brings this action against defendants Caponetto Enterprises, LLC; Precision Foreign Car Service; and Valdis Vinkels (the "Defendants") alleging interference with his property rights to a parcel of land at 5 Mannz Street, Hartford, Connecticut ("5 Mannz Street"). The Complaint contains the following six counts: Trespass; Tortious Interference with Contractual Relationship; Unconstitutional Impairment of Contracts; Slander of Title; 42 U.S.C. § 1983; and 42 U.S.C. §§ 1985 and 1986. The Defendants have moved to dismiss for lack of jurisdiction and have also moved for summary judgment with respect to all claims. For the

reasons set forth below, the Defendants' motion to dismiss is being denied without prejudice and the Defendants' motion for summary judgment is being granted in part and denied without prejudice in part.

I.   **Factual Background**

On or about October 30, 1992, Atuahene purchased 5 Mannz Street for the sum of $159,722.  At all times relevant to the allegations made in the Complaint, Atuahene was a co-owner of record and manager of 5 Mannz Street.

Atuahene initially operated a software business at 5 Mannz Street, but by sometime in 1995 operations had ceased at the property and Atuahene was visiting the property less than once a month.  The property was described by an appraiser in 2001 as "a dilapidated concrete light industrial building, which is neglected and has been vacant for years.  It has deteriorated to a point where it would not be cost effective to repair and should be demolished."  The fair market value of the property was estimated to be $21,000.

For the years 1991 through 1996, the City of Hartford (the "City") recorded tax liens totaling $24,524.71 against 5 Mannz Street.  On or about June 30, 1998, defendant Caponetto Enterprises LLC ("Caponetto LLC") purchased these tax liens from the City, and on or about October 23, 1998 Caponetto LLC, though its attorney Valdis Vinkels, commenced a foreclosure action on


reasons set forth below, the Defendants' motion to dismiss is being denied without prejudice and the Defendants' motion for summary judgment is being granted in part and denied without prejudice in part.

I.   **Factual Background**

On or about October 30, 1992, Atuahene purchased 5 Mannz Street for the sum of $159,722.  At all times relevant to the allegations made in the Complaint, Atuahene was a co-owner of record and manager of 5 Mannz Street.

Atuahene initially operated a software business at 5 Mannz Street, but by sometime in 1995 operations had ceased at the property and Atuahene was visiting the property less than once a month.  The property was described by an appraiser in 2001 as "a dilapidated concrete light industrial building, which is neglected and has been vacant for years.  It has deteriorated to a point where it would not be cost effective to repair and should be demolished."  The fair market value of the property was estimated to be $21,000.

For the years 1991 through 1996, the City of Hartford (the "City") recorded tax liens totaling $24,524.71 against 5 Mannz Street.  On or about June 30, 1998, defendant Caponetto Enterprises LLC ("Caponetto LLC") purchased these tax liens from the City, and on or about October 23, 1998 Caponetto LLC, though its attorney Valdis Vinkels, commenced a foreclosure action on

the tax liens.  Atuahene subsequently filed a complaint against, inter alia, the City and the Defendants on April 7, 1999.  When that complaint was dismissed, Atuahene filed the present case, along with an action against the City, the master case, with which this case has been consolidated.

## II. **Legal Standard**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).  Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  See Celotex Corp., 477 U.S. at 322.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact.  Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  An issue is "genuine . . . if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted).  A material fact is one that would "affect the outcome of the suit under the governing law." Id.  As the Court observed in Anderson: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Id.  Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted.  When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).  Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must

4

be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See Celotex Corp., 477 U.S. at 324. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," Weinstock, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, which must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993) (quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41. If the

nonmovant fails to meet this burden, summary judgment should be granted. The question then becomes: is there sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party. See Anderson, 477 U.S. at 248, 251.

**III. Discussion**

    **A.    Count One: Trespass**

The Complaint alleges in Count One that "[i]n or around 1997, Precision and Caponetto Enterprises, LLC seized the 5 Mannz Street property and sold many equipments, tools, furniture, machinery truck and van in the building. They also took off the billboard of the building." The plaintiff claims damages in excess of $250,000 from the trespass.

The plaintiff's deposition testimony was consistent with his allegations in Count One:

    Q.    So it is your testimony that sometime, I guess in 1996 or in 1997, the defendant Caponetto entered your property, removed great amounts of personal property and sold that property; that is your testimony?

    A.    It's my testimony that in 1997, Caponetto – Michael Caponetto and Capponetto LLC took many equipment, tools, furnitures, machinery, trucks, van and the bulding.

(Pls. Dep. 11:13-15).[1]

---

[1] The court notes that Michael Caponetto is not named as a defendant in this action, but in the absence of any indication to the contrary the court construes the reference to "Caponetto" to include Precision Foreign Car Service, which is named as a defendant in the Complaint.

6

"The essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury." Abington Ltd. P'ship v. Talcott Mountain Science Center for Student Involvement, Inc., 657 A.2d 732, 734 (Conn. Super. Ct. 1994) (citing Avery v. Spicer, 98 A. 135 (1916)).

It is not clear from the allegations in Count One whether the pro se plaintiff is seeking to bring a claim for trespass, or for conversion, or both. To the extent that the plaintiff is bringing a claim for trespass, there is no suggestion of the "direct injury" required to support such a claim. The damages in excess of $250,000 that are alleged in this count do not arise from any trespass onto 5 Mannz Street, but from Caponetto LLC and Precision Foreign Car Service's alleged seizure and sale of various fixtures and items of personal property from 5 Mannz Street, an action which sounds in conversion. While "[t]here is a factual dispute with respect to whether any of the Defendants caused any automobiles to be parked on Plaintiff's property after the acquisition of the tax liens . . . ." (Defs. Mem. Supp. Mot. Summ. J. 2; see also Pl.'s Dep. 30:12 - 31:21), it is undisputed that commercial activity at 5 Mannz Street had ceased well before the defendant acquired the tax liens in 1998. (Pl.'s Dep. 22:23-

25).  Assuming arguendo that a trespass did occur, it is not apparent how any damages claimed could satisfy the jurisdictional amount of $75,000 required by 28 U.S.C. § 1332.  Thus, it appears that a claim for trespass was insufficient by itself to invoke this court's diversity jurisdiction.[2]

To the extent that Count One alleges conversion, the defendants have not been fairly put on notice of that claim, and their motion for summary judgment does not address allegations of conversion.  "The tort of [c]onversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights."  Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 761 A.2d 1268, 1281 (Conn. 2000) (internal citations and quotation marks omitted).

In deference to the plaintiff's pro se status, the court will allow the plaintiff to file a notice, by no later than July 3, 2007, informing the court whether he wishes to have the allegations set forth in Count One construed as a claim for conversion, or a claim for trespass, or both.  If the plaintiff elects to have Count One construed as including a claim for

---

[2]The court notes that while it originally had federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 on the basis of the federal claims in Counts Five and Six, those claims are now being dismissed.  The court will decline to exercise supplemental jurisdiction over any state law claims that remain in the Complaint.  Thus, the sole remaining basis for jurisdiction is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

conversion, defendants Caponetto LLC and Precision Foreign Car Service will be permitted to file a motion for summary judgment with respect to that claim by no later than July 24, 2007. Based on the plaintiff's deposition testimony, the motion for summary judgment on Count One is being granted with respect to defendant Vinkels.

### B. Count Two: Tortious Interference With Contractual Relationship

The Complaint alleges in Count Two that the "Plaintiff had under contract to sell his property to a willing buyer . . . [and that] Defendants Caponetto Enterprises, Precision and Valdis Vinkels filed a lis pendis on subject property effectively making it difficult and impossible to execute and finalize the sale of plaintiff's property." (Compl. ¶ 20-21). The plaintiff testified at his deposition that he had prepared a written contract for the prospective buyer, Herb Vigo, to sign but that the contract was not signed because Caponetto told Vigo that the property was owned by Caponetto. (Pl.'s Dep. 26:6 - 29: 13).

The Connecticut Supreme Court has explained that a plaintiff bringing a claim for tortious interference must establish

> (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct. Unlike other torts in which

9

>liability gives rise to nominal damages even in the absence of proof of actual loss . . . it is an essential element of the tort of unlawful interference with business relations that the plaintiff suffers actual loss." Therefore, in order to survive a motion for summary judgment the plaintiff must allege an "actual loss" resulting from the improper interference with her contract. [T]he tort is not complete unless there has been actual damage suffered.

<u>Appleton v. Bd. of Educ. of Town of Stonington</u>, 757 A.2d 1059, 1063-64 (Conn. 2000) (internal citations omitted).

The Defendants note that the plaintiff does not have a copy of the proposed written contract, but otherwise rely on their assertion that there is no evidence from which a reasonable jury could conclude that the Defendants tortiously interfered with a contractual relationship.

After a review of the plaintiff's deposition testimony, the court concludes that there is insufficient evidence to create a genuine issue of material fact as to at least three of the elements of tortious interference with a contractual relationship. Assuming arguendo that there was a contractual relationship between the plaintiff and a prospective buyer, no evidence has been offered that would support a reasonable inference that (1) any Defendant was aware of the contractual relationship, (2) any Defendant intended to interfere with the contractual relationship, or (3) that the interference, if any, was tortious. Therefore, Defendants' motion for summary judgment on Count Two is being granted.

### C.  Count Three: Unconstitutional Impairment of Contracts

Count Three alleges that the actions set forth in the Complaint "constitute . . . unconstitutional impairment of the contract between plaintiff and two potential buyers." (Compl. ¶ 26). Although the Complaint does not identify the constitution or constitutional provision upon which Count Three is based, the court construes the allegation of an unconstitutional impairment of contract to state a claim pursuant to the Contract Clause of the U.S. Constitution, which provides that "No State shall . . . pass any . . . law impairing the obligation of contracts." U.S. Const. Art. I, § 10. By its terms, this clause applies only to legislative action taken by the state. Here, the plaintiff has not alleged, or offered any evidence, that any legislative action has been taken that impaired any contract to which he was a party. Therefore, the Defendants' motion for summary judgment is being granted with respect to Count Three.

### D.  Count Four: Slander of Title

Count Four alleges that the plaintiff was deprived of a "good and marketable title" to his property and "has been hindered and prevented from selling his premises." (Compl. ¶¶ 30, 33). Although Count Four does not identify how the plaintiff's title was allegedly slandered, the preceding paragraphs of the Complaint are incorporated by reference and the court construes the allegations in Paragraph 14 (alleging that

11

Caponnetto LLC filed a complaint in Connecticut Superior Court alleging ownership of certain tax liens on 5 Mannz Street on October 23, 1998) and Paragraph 15 (alleging that Valdis Vinkels, the attorney for Caponetto LLC, filed a lis pendens on 5 Mannz Street) as constituting the plaintiff's allegations of slander of title.

Under Connecticut law, the elements of slander of title consist of

> the uttering or publication of a false statement derogatory to the plaintiff's title, with malice, causing special damages as a result of diminished value of the plaintiff's property in the eyes of third parities.  The publication must be false, and the plaintiff must have an estate or interest in the property slandered. Pecuniary damages must be shown in order to prevail on such a claim.

Elm Street Builders, Inc. v. Enterprise Park Condo. Ass'n., Inc., 778 A.2d 237, 245 (Conn. App. 2001) (quoting 50 Am. Jur. 2d, Libel and Slander § 554 (1995)).

There is no evidence in the record to support the conclusion that either the initiation of the foreclosure action on the tax liens or the filing of a lis pendens were "false statements."  This court has already ruled in a related case that the City's sale of the tax liens to Caponetto LLC was a lawful exercise of its authority.  See Case No. 3:01-CV-2269 (AWT), Ruling on Motion for Summary Judgment (Doc. No. 73) at 11-17. Furthermore, the plaintiff does not dispute that Caponetto LLC owned the tax liens, or that Caponetto LLC's efforts to foreclose

on the tax liens was a lawful exercise of its rights as the owner of the tax liens. Because there is no genuine issue of material fact as to the falsity of the filing of the foreclosure action and the lis pendens, summary judgment with respect to the claim for slander of title is being granted.

### E.    Count Five:   42 U.S.C. § 1983

Count Five alleges that the Defendants violated the plaintiff's civil rights by "[a]cting under color of state law . . . to destroy intentionally and without legitimate basis plaintiff's properties located at 5 Mannz Street, Hartford, Connecticut." The plaintiff further alleges that "[t]he non-state actors were in collusion with the state actors implicating their liability under § 1983." (Compl. at ¶ 37-38).

Count Five does not identify the state actors to which it refers, but the court construes the reference to be to the City, which the plaintiff sued in the master case. See Case No. 3:01-CV-2269 (AWT). In that case, this court granted the City's motion for summary judgment with respect to all claims, noting in particular that "[t]here is no evidentiary support for Atuahene's contention that the City entered into an agreement with Caponetto to deprive him of his property. Atuahene's deposition makes it clear that his allegation that the City conspired with Caponetto for the purpose of taking his property is based only on mere speculation and conjecture . . . ." Ruling at 12-13.

13

In his response to the instant motion for summary judgment, the plaintiff does not offer any evidence to support his claim that the Defendants conspired with the City or in any other way acted under color of state law.  Therefore, the motion for summary judgment is being granted with respect to Count Five.

**D.   Count Six: 42 U.S.C. §§ 1985 and 1986**

In Count Six, the plaintiff makes a claim pursuant to 42 U.S.C. § 1985 that the Defendants conspired with each other to "use municipal and state powers and apparatus to seize and deprive plaintiff of all his properties located at 5 Mannz Street, Hartford."  (Compl. ¶ 46).

"The four elements of a § 1985(3) claim are: (1) a conspiracy;  (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws;  (3) an act in furtherance of the conspiracy;  (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.  Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'"  <u>Mian v. Donaldson, Lufkin & Jenrette Securities Corp.</u>, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (<u>citing</u> <u>United Bd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. 825, 828-29 (1983)).  Here, as noted in part III.E above, there is no

14

evidence that could support a finding that the Defendants conspired with the City against the plaintiff or that there was a conspiracy motivated by racial or some other invidious discriminatory animus.

In addition, the plaintiff makes a claim pursuant to 42 U.S.C. § 1986. Section 1986 "provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.'" Mian, 7 F.3d at 1088 (citing Katz v. Morgenthau, 709 F.Supp. 1219, 1236 (S.D.N.Y. 1989), aff'd in part and rev'd in part on other grounds, 892 F.2d 20 (2d Cir. 1989)). "Thus, a § 1986 claim must be predicated upon a valid § 1985 claim." Id. (citing Dacey v. Dorsey, 568 F.2d 275, 277 (2d Cir. 1978)). Since summary judgment is being granted as to the § 1985 claim, it must also be granted as to the § 1986 claim. Therefore, the motion for summary judgment is being granted with respect to Count Six.

**IV.   Motion to Dismiss**

The Defendants also move to dismiss the Complaint on the grounds that the court lacks diversity jurisdiction over this case because the amount in question is less than the jurisdictional amount required by 28 U.S.C. § 1332. In particular, the Defendants argue that the uncontroverted evidence is that 5 Mannz Street was worth only $21,000 in 2001 and in

addition was subject to encumbrances in the amount of $240,237.71.  (See Doc. No. 82).

As noted in part III.A, however, the plaintiff has alleged losses in excess of $250,000 from the conversion of various fixtures and items of personal property, and the court is granting the plaintiff an opportunity to have the allegations in Count One construed as including a claim for conversion by filing a notice by no later than July 3, 2007.  Accordingly, the Defendants' motion to dismiss the complaint on this basis is being denied without prejudice to renewal after the deadline for the filing of any such notice by the plaintiff has passed.

## V.  Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss (Doc. No. 81) is hereby DENIED, without prejudice, and the Defendants' Motion for Summary Judgment (Doc. No. 83) is hereby GRANTED with respect to Counts Two, Three, Four, Five and Six, GRANTED with respect to Count One as to defendant Vinkels, and DENIED without prejudice with respect to Count One as to defendants Caponetto LLC and Precision Foreign Car Service.  The plaintiff shall file a notice by no later than July 3, 2007, informing the court whether he wishes to have the allegations in Count One of the Complaint construed as including a claim for conversion, a claim for trespass, or a claim for both.  Given the fact that the court has explained the elements of a claim for

conversion, and that the choice to be made by the plaintiff is a simple one, no extension of time will be granted. In the absence of a timely response, Count One will be construed as a claim for trespass only.

It is so ordered.

Dated this 11th day of June 2007 at Hartford, Connecticut.

>                    /s/AWT
>                 Alvin W. Thompson
>            United States District Judge