UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVE ATUAHENE       :

             v.       : CASE NO. 3:01 CV 2269 (AWT)
                        MASTER CASE

CITY OF HARTFORD      :


STEVE ATUAHENE       :

             v.       : CASE NO. 3:01 CV 2270 (AWT)
                        MEMBER CASE

CAPONETTO ENTERPRISES, LLC;
PRECISION FOREIGN CAR SERVICE,
AND VALDIS VINKELS    :


I. MOTION FOR PARTIAL RELIEF FROM PARTIAL JUDGMENT ENTERED ON JUNE 20, 2007

1. On March 2, 2006 the Court entered an order relating to Motion For Summary Judgment.

2. Said order stated in pertinent part:

"The City of Hartford's Motion For Summary Judgment

1.

(Doc. No. 29) is hereby GRANTED. Judgment in favor of the City of Hartford shall enter with respect to all the claims against. The remaining claims in this case are those against Laponetto Enterprises LLC, Precision Foreign Car Service and Valdis Vinkels, which are set forth in the Complaint dated December 5, 2001

3. Between August 2006 and July 2007 Plaintiff and his family have had the misfortune of illness, hospitalization and death.

4. Plaintiff's wife was severely ill between August and December 2006.

5. In March 10, 2007 Plaintiff was hospitalized for about a week due to DIVERTICULOSIS at Lankenaun Hospital, near Philadelphia.

6. Thereafter Plaintiff mother passed away at the age of about 86 year in Ghana, Africa EXHIBIT A

7. In April 26 2007 Plaintiff left for Ghana to attend the funeral of his mother and his wife followed in May 11, 2007. EXHIBIT B

8. After the funeral in Ghana Plaintiff's

2.

wife became sick, was admitted to hospital on June 18, 2007 and was surgically operated upon on June 22, 2007. EXHIBIT C

9. As a result Plaintiff had to remain in Ghana to see that his wife was stabilized before returning to U.S.A.

10. Plaintiff returned to Philadelphia, U.S.A on July 8, 2007 but went to bed with malaria infestion. EXHIBIT D

11. Plaintiffs wife returned to U.S.A on July 26, 2007. EXHIBIT

12. Plaintiff became well on July 29, 2007.

13. Plaintiff became aware of this Court order issued on June 20th, 2007 on July 29, 2007.

14. The Court's order of June 20, 2007 inter alia stated:

"The plaintiff shall file a notice by July 3, 2007 whether he wishes to have the allegations in count one construed to include a claim for conversion, trespass or both."

3.

In the absence of a timely response, count one will be construed as a claim for trespass only."

15. Plaintiff, due to circumstances beyond his control, did not receive this court order of June 20, 2007 not until July 29, 2007.

16. This Court has equitable power to correct any harmless error under Federal Rules of Civil Procedure Rule 61.

17. This motion is permissible under Federal Rules of Civil Procedure Rule 60.

18. This motion is being filed within a reasonable time.

19. Plaintiff's failure to comply with the mandate of this court that "The plaintiff shall file a notice by July 3, 2007 ... to have the allegations in count one construed to include a claim of conversion, trespass or both" is a harmless error.

WHEREFORE, Plaintiff prays the court will enter an order to construe count one as both conversion and trespass.

Respectfully submitted

4.